*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# OPINION

Nos. 04-07-00643-CR, 04-07-00644-CR and 04-07-00645-CR

Johnny **ADAMS**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st District Court, Wilson County, Texas
Trial Court Nos. 06-08-00153-CRW, 06-08-00154-CRW and 06-08-00155-CRW
Honorable Donna S. Rayes, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:     Catherine Stone, Justice
            Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice

Delivered and Filed:  July 30, 2008

REVERSED AND REMANDED

Appellant Johnny Adams was found guilty by a jury on three counts of aggravated sexual

assault of a child and sentenced to twenty-five years confinement in the Institutional Division of the

Texas Department of Criminal Justice.  On appeal, Adams asserts the trial court erred in allowing

the alternate juror to be present for the jury deliberations.  Because the alternate juror's presence

violated Article V, Section 13 of the Texas Constitution, we reverse the judgment of the trial court

and remand this matter for proceedings consistent with this opinion.

**FACTUAL BACKGROUND**

On August 31, 2006, Adams was indicted on three counts of aggravated sexual assault. The cases were consolidated for trial, and jury selection began on September 4, 2007. In accordance with article 33.011 of the Texas Code of Criminal Procedure, an alternate juror was selected, impaneled, and seated. After the attorneys completed closing argument, the trial court instructed the alternate juror to continue with the jury until a verdict was reached. The jury returned a verdict of guilty and, once again, the alternate was instructed to join the jury during its deliberation on punishment with the caveat that she was not allowed to vote.

Adams's sole issue on appeal is that the trial court erred when it allowed the alternate juror to be present for deliberations when the alternate juror had not been impaneled as a regular juror. The selection of the alternate juror was in accordance with article 33.011 of the Texas Code of Criminal Procedure and is not in dispute. After the completion of testimony and the attorneys' closing arguments, the trial court instructed the alternate juror that she was to:

> continue with the jury until a verdict is reached. So you will go with the twelve members of the jury into the jury room for the deliberations but you will not be voting on the verdict unless one of the jurors were to become disabled during the deliberation process.

Adams argues that allowing the alternate juror in the jury deliberation room violated his constitutional right to a twelve member jury under the Texas Constitution, as well as articles 33.01, 33.011, 36.22, and 36.29 of the Texas Code of Criminal Procedure. The State contends Adams waived his complaint by failing to object to the alternate juror's participation in deliberations, and the inclusion of an additional juror was not error.

### PRESERVATION OF ERROR

**A.      General Standards**

The general requirement for preservation of error is set forth in Rule 33.1(a) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 33.1(a). Succinctly, Rule 33.1 requires "a timely, specific objection and a ruling by the trial court" to preserve a complaint for appellate review. *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Yet an objection is not required in every instance. The Texas Court of Criminal Appeals has identified three categories of rules or rights: (1) systemic (or absolute) requirements; (2) waivable rights; and (3) forfeitable rights. *Id.* at 340. Rule 33.1(a) does not apply to a violation of the first two categories of rules or rights, and a violation of those rules or rights may be raised for the first time on appeal. *Id.* at 341.

A systemic requirement is "a law that a trial court has a duty to follow even if the parties wish otherwise." *Id*. at 340. Systemic rights include those that are statutorily or constitutionally mandated, or are otherwise not optional, waivable or forfeitable by either party. *Sanchez v. State*, 120 S.W.3d 359, 365-66 (Tex. Crim. App. 2003). Absolute, systemic rights are rights about which a litigant has no choice and are independent of the litigant's wishes. *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), overruled on other grounds, *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997). The implementation of these absolute requirements and prohibitions is not optional and is therefore, neither waivable nor forfeitable by any party. *Id*.

Waivable rights are rights that a judge has an independent duty to implement absent an effective waiver by the defendant. *Id.* at 280. "Although a litigant might give [waivable rights] up and, indeed, has a right to do so, he is never deemed to have done so in fact unless he says so plainly, freely, and intelligently, sometimes in writing and always on the record." *Id*. at 280 (citing

*Goffney v. State*, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992)). These rights are "so fundamental to the proper functioning of our adjudicatory process" that they do not vanish easily. *Marin*, 851 S.W.2d at 278-79.

Forfeitable rights arise from rules that are optional at the request of a defendant. *Id*. at 279. Rule 33.1 applies only to these rights. The judge is required to implement them only at the request of a party, and they are forfeited absent objection made at trial. *Id*. at 279-80; TEX. R. APP. P. 33.1.

## B.      Analysis

In the present case, Adams's trial counsel did not object to the inclusion of the alternate juror in the jury deliberations. Adams urges this court to address the error as systemic or waivable-only error that does not require a timely objection. Because article 36.29 specifically allows a defendant to waive the required twelve person jury and proceed with fewer jurors, we cannot agree that a twelve-member jury is a systemic right so fundamental to the administration of justice that it cannot be waived even by a party's request. TEX. CODE CRIM. PROC. ANN. art. 36.29(c) (Vernon 2007); *Mendez*, 138 S.W.3d at 340. We, therefore, examine whether the alleged violation is a waivable-only right under the Texas Constitution. *See* TEX. CONST. art. V, § 13.

Adams argues that his right to a twelve-person jury is a right that is waivable-only and "[w]aivers of Constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970); *see also Mendez*, 138 S.W.3d at 344.

Although the United States Constitution does not require that a specific number of jurors be seated on a jury panel, Article V, Section 13 of the Texas Constitution and article 33.01 of the Texas Code of Criminal Procedure both provide that the jury ***shall*** consist of twelve qualified jurors.

TEX. CODE CRIM. PROC. ANN. art. 33.01 (Vernon 2006); TEX. CONST. art. V, § 13. In *Marin,* the Court of Criminal Appeals explained that "[s]ome rights are widely considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system." *Marin*, 851 S.W.2d at 278. These are rights that cannot be forfeited or relinquished without an express waiver and "are not extinguished by inaction alone." *Id.* (citing *Janecka v. State*, 823 S.W.2d 232, 243 n.2 (Tex. Crim. App. 1990) (opinion on rehearing)). In its analysis, the *Marin* court identified two such rights: assistance of counsel and the right to a jury trial. *Id*. at 279. More specifically, the "State may not successfully put [a defendant] to trial without counsel or jury merely because he voiced no objection to the procedure." *Id*.

The Constitutional right to a twelve person jury appears to be the type of right that requires special protection. It cannot be denied absent an express waiver. Accordingly, we hold that the right to a twelve member jury is a waivable-only right and Adams was not required to comply with rule 33.1 in order to preserve error. TEX. CODE. CRIM. PROC. ANN. art. 33.011(b) (Vernon 2007); TEX. R. APP. P. 33. 1. We now examine the merits of Adams's claim and whether the participation of the alternate juror in deliberations violates the Texas Constitution.

## THE RIGHT TO A TWELVE MEMBER JURY

The right to a verdict rendered by twelve jurors is a constitutionally protected right in Texas. The Texas Constitution mandates that there shall be twelve jurors, but further provides that "[w]hen, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict; provided, that the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict." TEX. CONST. art. V, § 13. Additionally, article 36.29 of the Texas Code of

Criminal Procedure provides that, under certain circumstances, eleven jurors may render a verdict in a felony case. TEX. CODE CRIM. PROC. ANN. art. 36.29 (Vernon 2006). *See Rivera v. State,* 12 S.W.3d 572, 579 (Tex. App.—San Antonio 2000, no pet.) (reiterating that the Texas Constitution requires twelve member jury absent certain statutory exceptions). There are no constitutional or statutory exceptions permitting more than twelve jurors, although there is statutory authority for the impaneling of alternate jurors. TEX. CODE CRIM. PROC. ANN. art. 33.011 (enacted in an effort to avoid mistrials due to dismissal of jurors during trial).

Originally, article 33.011 required trial courts to discharge alternate jurors after the jury retired to consider its verdict. However, in 2007, House Bill 1086 was passed requiring an alternate juror to stay until "the jury has rendered a verdict on the guilt or innocence of the defendant and, if applicable, the amount of punishment." TEX. CODE CRIM. PROC. ANN. art. 33.011(b); Act of Sept. 1, 2007, 80th Leg., R.S., ch. 846, § 1. This amended version of article 33.011 became effective on September 1, 2007. Because Adams's trial commenced on October 8, 2007, the amended version of article 33.011(b) is applicable to the case.

**A.      Article 33.011(b)**

Pursuant to article 33.011(b) the trial court allowed the alternate juror to remain with the jury, in the deliberation room, until a verdict was reached and sentencing was completed. Adams argues this is a violation of his constitutional right to a jury of twelve, and only twelve, jurors. TEX. CONST. art. V, § 13. Further, he contends allowing the alternate juror to remain with the jury violates article 36.22's prohibition that no one is permitted to be present while the jury is deliberating. TEX. CODE CRIM. PROC. ANN. art. 36.22 (Vernon 2006).

The State contends the presence of the alternate juror was not a violation under the Texas Constitution, nor was it a violation of articles 33.01, 33.011, and 36.22. TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. ANN. arts. 33.01, 33.011, and 36.22 (Vernon 2006). The State alleges the presence of the alternate was permitted by the amended version of the statute to ensure that twelve qualified jurors would be in the jury room to render a verdict. In addition, the State points out that twelve jurors did, in fact, render the verdict in this case and sign the same.

**B.      Statutory Construction**

The best evidence of legislative intent is the language of the statute. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). We may go behind the statutory text only if the statute is ambiguous or if the application of the statute's plain language would lead to an absurd result that the legislature could not possibly have intended. *Id*. The plain language of article 33.011(b) makes clear that an alternate juror should not be dismissed until after the jury has rendered a verdict and punishment has been assessed. TEX. CODE CRIM. PROC. ANN. art. 33.011(b). The statute, however, fails to address the role of the alternate during deliberations and whether the alternate juror should participate in deliberations.

Of interest, however, is the statement of legislative intent regarding H.B. 1086. The bill analysis of H.B. 1086 explains the extension of the alternate's service to verdict was needed to prevent mistrials that occur when a juror becomes disqualified after the jury has begun its deliberations. House Research Org., Bill Analysis, Tex. H.B. 1086, 80th Leg., R.S. (2007).[1] Immediately prior to the passage of the bill in the House, Representative Macias asked

---

[1] Prior to the amendment to article 33.011(b), the alternate was dismissed prior to deliberations, and if a juror became unable or disqualified to serve thereafter, a jury could continue deliberations with eleven members only if both the state and the defense agreed. TEX. CODE CRIM. PROC. ANN. art. 36.29 (Vernon 2006). If they did not both agree, a mistrial was declared resulting in wasted time and expense.

Representative Hughes if the intent was that the alternate who did not replace a regular juror refrain from participating in any juror deliberations in the case. Representative Hughes responded:

> Yes, sir. As you know, only the 12 jurors who are seated as regular jurors may participate in any jury deliberations. My intent is for alternate jurors who do not replace a regular juror to not participate in any deliberations- - whether that be guilt or innocence or punishment – and ***that the court would direct the alternate jurors to be separated from the regular jurors and to refrain from deliberating*** or discussing the case unless they are seated as a regular juror.

Texas House Journal, Tex. H.B. 1086, 80th Leg., R.S., 83rd Leg. Day (2007) (emphasis added).

## C.    Analysis

The Texas Constitution does not authorize *more than* twelve jurors to serve on a jury. TEX. CONST. art. V, § 13. To avoid a conflict with the Constitution, the State argues that the alternate juror is not considered a juror. However, such an alternate would then be considered an outsider and run afoul of article 36.22. TEX. CODE CRIM. PROC. art 36.22 (Vernon 2006). Article 36.22 provides: "No person shall be permitted to be with a jury while it is deliberating. No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court." *Id.* "The purpose of this statute is to preserve the confidentiality of the jury's deliberations so that the jurors may fully and freely discuss the case." *Rojas v. State*, 171 S.W.3d 442, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

We conclude that the Texas Constitution precludes the deliberation of more than twelve jurors. TEX. CONST. art. V, § 13. If the alternate is not considered a juror, then the participation of the alternate in deliberations violates article 36.22's prohibition against outside influence. TEX. CODE CRIM. PROC. ANN art. 36.22 (Vernon 2006). The trial court, therefore, erred in directing the alternate juror to participate in jury deliberations. Having determined error, we next conduct a harm analysis.

**HARM ANALYSIS**

**A.      Texas Rule of Appellate Procedure 44.2**

Rule 44.2(a) categorizes the review of errors in a criminal case into two general categories: constitutional errors and non-constitutional errors. TEX. R. APP. P. 44.2. With regard to constitutional errors, if the error is a structural constitutional error, then the error is reversible without a harm analysis. TEX. R. APP. P. 44.2(a); *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (superceded by statute on other grounds). On the other hand, if the error is a nonstructural, constitutional error, an appellate court must reverse the trial court if it fails to find beyond a reasonable doubt that the error did not contribute to the judgment. TEX. R. APP. P. 44.2(a). All other errors, defects, irregularities or variances that do not affect the substantial rights of a defendant are disregarded. TEX. R. APP. P. 44.2(b).

As previously determined, the right to a twelve-member jury is guaranteed by Article V, Section 13 of the Texas Constitution and article 33.01 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 36.22 (Vernon 2006); TEX. CONST. art. V, § 13. Because we do not distinguish between a defendant's right to a jury trial and his right to a twelve-person jury, the error in this case was a constitutional error requiring a determination of whether the error is structural or non structural and thus is subject to harmless error review. TEX. R. APP. P. 44.2(a); *see also Lowery v. State*, 974 S.W.2d 936, 941 (Tex. App.—Dallas 1998, no pet.). Structural errors are constitutional violations "affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991); *see also Cain*, 947 S.W.2d at 264 (determining that constitutional errors not subject to harm analysis are limited to "certain federal constitutional errors labeled by the United States Supreme Court as 'structural'").

Because the error presented has not been labeled structural, we hold that allowing an alternate juror to be present in the jury room during the jury deliberations is a non-structural, constitutional error subject to a harm analysis.

### B.      Harm Analysis

Here, although the trial court instructed the alternate to "go with the twelve members of the jury into the jury room for the deliberations but you will not be voting," the record is silent as to any effect the alternate juror had on the jury deliberations. *Cf. Bogue v. State*, 204 S.W.3d 828, 829-30 (Tex. App.—Texarkana 2006, pet. ref'd) (testimony of alternate juror and jury foreman confirmed alternate juror's presence in court room for a period of five to thirteen minutes did not constitute harm); *Rojas*, 171 S.W.3d at 450-51 (testimony of the jurors and the alternate juror rebutted any allegations of harm resulting from alternate juror remaining in the jury room during deliberations for fifteen minutes). Here, the trial court simply instructed the alternate juror to be present during deliberations, but not to vote. *Cf. United States v. Olano*, 507 U.S. 725, 739 (1993) (presence of alternate juror in jury deliberations was viewed in light of trial court's instructions that "according to the law, the alternates must not participate in the deliberations . . . [W]e are going to ask [the alternate] that you not participate" and thus did not prejudice defendant). Accordingly, we cannot conclude, beyond a reasonable doubt, that the alternate juror's presence in the jury room did not contribute to the conviction or punishment. We, therefore, reverse the trial court's judgments and remand this matter to the trial court for further proceedings.

Rebecca Simmons, Justice

PUBLISH