Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-08-00227-CR

John Anthony **PEREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 06-01-00013-CRL
Honorable Donna S. Rayes, Judge Presiding

Opinion by: Rebecca Simmons, Justice

Sitting: Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed: July 28, 2010

AFFIRMED

Appellant John Anthony Perez appeals his conviction for aggravated sexual assault of

V.M., a child under the age of fourteen. On appeal, Perez argues (1) the trial court erred when it

allowed the alternate juror to be present in the deliberation room and (2) the evidence is factually

insufficient to support the jury's verdict. We affirm the judgment of the trial court.

## FACTUAL BACKGROUND

Perez was charged in a two count indictment, alleging aggravated sexual assault of both V.M.'s sexual organ and anus. There were no actual witnesses to the alleged offense and V.M.'s physical examination did not show evidence of tears, bruises, or damage to either her vaginal area or anus. As such, the State's case rested on the history given to the doctor by the child, the outcry witness testimony, and the testimony of VM. During the trial and closing argument, Perez attempted to show that the State failed to prove each and every element of the offense of aggravated sexual assault. Additionally, he pointed to the inconsistencies in the testimony from the different witnesses. The jury found Perez guilty on both counts and assessed punishment at ninety-nine years confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine in the amount of $10,000.00.

## ALTERNATE JUROR

In his first issue on appeal, Perez argues that the trial court erred in allowing the alternate juror to be present during the jury's deliberations based on the state constitutional right to a twelve-person jury, and the statutory right to a jury free of outside influence. TEX. CODE CRIM. PROC. ANN. art. 36.22 (Vernon 2006).[1] After closing arguments, the trial court provided the following instructions to the jury:

> Previously our law provided at the time the jury began to deliberate that the alternate juror would be excused. The legislature has recently made a change and says that the alternate juror now continues to serve until a verdict is reached. So my instruction to the jury and to you [the alternate] are [sic] that you go to the jury room with the twelve members of the jury, that you listen to their deliberation and that you however, not participate verbally or in writing with that

---

[1] Article 36.22 of the Texas Code of Criminal Procedure provides:

> No person shall be permitted to be with a jury while it is deliberating. No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court.

TEX. CODE CRIM. PROC. ANN. art. 36.22 (Vernon 2006).

deliberation unless one of the twelve becomes disabled and [is] no longer able to serve. And for the twelve jury members I also instruct you not to communicate in writing or elicit – let me put it this way, don't elicit any communication from the alternate juror. And you are not to participate in any votes that are taken for the verdict unless one of the twelve is to be excused and then you would be seated as an alternate one of the twelve jurors.

Neither the State nor the defense objected to the trial court's instruction. Perez was found guilty by the jury of two counts of aggravated sexual assault of a child. After punishment arguments, the court again instructed the jury as follows:

Go back with the twelve members of the jury in the jury room as they deliberate. You are instructed not to participate verbally or in writing in the deliberation process, but merely to listen. And you are further instructed not to vote with the twelve members. Unless one of them were to become disabled we would come back into the courtroom and then seat you as one of the jurors. The twelve jury members are also instructed not to elicit any verbal or written comment from [the alternate] during the deliberations. And I will just tell you that your failure to follow these instructions could result in a mistrial in this case, which would result in us having to rehear the case.

Once again, neither the State nor the defense objected to the trial court's instruction.

The Court of Criminal Appeals recently addressed the role of an alternate juror in a case involving instructions almost identical to those given in this case. *Trinidad v. State*, Nos. 1218-08, 1219-08, and 1221-08, 2010 WL 2292328, at *1–2 (Tex. Crim. App. June 09, 2010).[2] In reviewing the same constitutional and statutory arguments presented here, the Court of Criminal Appeals held: (1) that the presence of an alternate juror in the jury room during deliberations "does not mean that the jury was 'composed' of more than twelve members for purposes of Article V, Section 13," and (2) that the alternate jurors' participation in deliberations "is more usefully conceived of as an error in allowing an outside influence to be brought to bear on the appellants' constitutionally composed twelve-member juries." *Trinidad*, 2010 WL 2292328 at

---

[2] Because the cases involved almost identical issues on appeal, the Court of Criminal Appeals consolidated the appeals of *Trinidad v. State*, 275 S.W.3d 52 (Tex. App.—San Antonio 2008, pet. granted) and *Adams v. State*, 275 S.W.3d 61 (Tex. App.—San Antonio 2008, pet. granted).

*3. More pertinent to this case, the Court held that any complaint about a violation of Article 36.22 was forfeited by the appellants' failure to invoke the statute in a timely manner. *Trinidad*, 2010 WL 2292328, at *3–4. As in this case, "[t]he appellants had every opportunity to object that the trial court's attempts to comply with the recent amendment to Article 33.011(b) of the Code of Criminal Procedure, would run afoul of Article 36.22, but they did not do so." *Trinidad*, 2010 WL 2292328, at *4. Accordingly, the alternate juror's actions did not violate Perez's right to a twelve-person jury, and Perez waived his complaint regarding a violation of Article 36.22 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 36.22 (Vernon 2006).

### FACTUAL SUFFICIENCY

Perez next argues that the evidence is factually insufficient to support, beyond a reasonable doubt, that Perez penetrated V.M.'s anus by defendant's sexual organ as alleged in Count II of the indictment. More specifically, Perez argues that although V.M. described Perez as penetrating her anus, V.M. never saw with what she was penetrated.

### A. Standard of Review

In conducting a factual sufficiency review, we view all of the evidence in a neutral light and set aside the verdict only if: (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust; or (2) the verdict is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). In reviewing a factual sufficiency challenge "the appellate court should be mindful that a jury has already passed on the facts, and convicted, and that the court should never order a new trial simply because it disagrees with the verdict, but only where it seems to the court to represent a manifest injustice." *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). The jury may choose to believe all,

some, or none of the testimony or evidence presented. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

## B. Aggravated Sexual Assault

Section 22.021 provides that a person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means and the child is younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B) (Vernon Supp. 2009). The victim's description of what occurred need not be precise, and wide latitude is given to the statements of a child victim of sexual abuse. *See Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990). Moreover, the prosecution may prove penetration by circumstantial evidence, and there is no requirement that the child victim be able to testify precisely as to penetration. *Id*. at 133. "Proof of penetration, however slight, is sufficient so long as it is shown by proof beyond a reasonable doubt." *Rodriguez v. State*, 762 S.W.2d 727, 732 (Tex. App.—San Antonio 1988, pet. dism'd).

## C. Analysis

The State presented the testimony of Dora Rodriguez and Maria Rodriguez, V.M.'s aunts in accordance with the outcry exception in section 38.072 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. § 38.072. Dora testified that on July 28, 2005, she was visiting her parents in Encinal when she witnessed V.M. laying on top of her niece and kissing her. Dora relayed that she responded by spanking V.M. and telling her to not ever do anything like that again. But after rethinking it, she and her sister Maria approached V.M. and inquired where she had learned what she was doing. Both Dora and Maria testified that V.M. was crying as she told them it was Johnny and that Johnny had put something "slippery on [her] butt and it hurt."

Much of the State's case relied on the testimony of V.M., who was twelve-years-old at trial. She testified that Perez, whom she called Johnny, lived in her house while she was living with her mom in Encinal, Texas. She further explained that she was nine-years-old when Johnny moved in with them. Several times while her mom was at work or at the grocery store in Laredo, V.M. testified that Johnny would wake her up and take her into his bedroom and take her clothes off. She would climb into the bed and bury her face in the pillow and Johnny would put a "slippery lotion" on her buttocks and then "get on top of me and put his private in my behind." She was never able to see what she was penetrated with because her face was in the pillow and her glasses were in another room. V.M. also described other times when "my legs would be on [Johnny's] shoulder and he would put his private into my private." When the prosecutor asked if she noticed anything about her body after "those things would happen," V.M. explained that these acts occurred on multiple occasions and that once when she "wiped" herself, there was blood. Moreover, Johnny told her not to tell anyone, and she was fearful that he would hurt her, her brother, or her mom if she told anyone.

During cross-examination Perez's attorney attempted to pin V.M. down regarding when and to whom she told specific details about the incidents. In response to many of his questions, V.M. responded that she did not remember either dates or times or specifically what she told different people.

Despite the lack of any physical evidence, at trial, Dr. Rohit Shenoi, the doctor that examined V.M., testified that the history given by V.M. was consistent with sexual abuse of both her vagina and her anus. He further opined that in cases where children have made similar outcries, less than ten percent of the children actually present with tearing, cuts, or bruising. "So it's quite common not to see anything."

As previously emphasized, this court must defer to the jury's findings and may not substantially intrude on the fact finder's role as the sole judge of the weight and credibility of the witnesses. *See Lancon v. State*, 253 S.W.3d 699, 704-05 (Tex. Crim. App. 2008); *Stogiera v. State*, 191 S.W.3d 194, 196 (Tex. App.—San Antonio 2005, no pet.). The jury had the opportunity to hear the medical testimony, V.M.'s testimony, as well as the testimony of the outcry witnesses. It was able to observe the demeanor of the witnesses and judge their credibility. We remain mindful it is not the purview of the appellate court to usurp the function of the jury. *See Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd) ("'A decision is not manifestly unjust because the jury [or fact finder] resolved conflicting views of the evidence in favor of the State.'"). The jury could accept V.M.'s testimony that Perez put his private in her bottom. Perez' argument that because V.M. could not see the penetration, there is insufficient evidence of penetration by Appellant's genitals is without merit. Because the evidence supporting the verdict is not so weak that the verdict seems clearly wrong and manifestly unjust or outweighed by the great weight and preponderance of the available evidence, we overrule Perez's factual sufficiency issue. *Watson v. State*, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006).

## CONCLUSION

Because the defendant did not object to the instructions given to the jury and the alternate juror, he failed to preserve his first issue for appeal. Additionally, because the evidence is not clearly wrong or manifestly unjust, the evidence is factually sufficient to support the jury's verdict. Accordingly, we affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH