1 w 457
§ 806
3 w 507

## C. L. BEISSNER, JR., v. TEXAS EXPRESS CO.

(No. 1258, Op. Book No. 2, p. 521.)

APPEAL from Galveston County.  Opinion by WHITE, P. J.

§ 806. *Limitation; institution of suit afterwards abandoned does not interrupt running of; fraudulent concealment as an interruption of.* Appellee sued appellant as surety of one St. John, upon a bond executed by St. John as an employee of appellee, to recover a sum of money charged to have belonged to appellee; and to have been embezzled by St. John in the months of August, September and October, 1873.  The suit was instituted May 7, 1877.  September 25, 1877, appellee suffered a nonsuit.  October 4, 1877, the nonsuit was set aside, and the cause reinstated.  Appellant pleaded the statute of limitation of four years.  As an excuse for not sooner instituting his suit, appellee alleged fraudulent concealment and misrepresentation on the part of St. John, of his acts and doings as employee, etc., whereby appellee was unable until within one year before the institution of the suit to ascertain the facts necessary to enable him to sue. The court below rendered judgment for appellee, disregarding appellant's plea of the statute of limitations. *Held:* The first question presented is, whether the institution of a suit which is subsequently nonsuited interrupts the running of the statute of limitations, provided the nonsuit is set aside and the case reinstated, or whether the statute does not continue to run up to the reinstatement.  "The general doctrine is well settled that a suit voluntarily abandoned does not interrupt the statute of

limitation." [Shields v. Boone, 22 Tex. 193; Hughes v. Lane, 25 Tex. 356.]

The nonsuit in this case appearing to have been a voluntary one, the statute of limitation continued to run in favor of appellant up to the time of the reinstatement of the cause, and, such being the case, the cause of action was barred unless the statute is avoided by the fraudulent concealment, etc., of St. John, as alleged by appellee. Appellee's allegations in regard to these are "that by reason of the fraudulent representations and concealment, made by said Silas St. John, of the facts connected with his acts and doings as agent as aforesaid, plaintiff was unable, until one year last past before the filing of this petition, to discover and ascertain the exact amount of the default and embezzlement of their funds by said agent, and that by reason of the fraudulent suppression and concealment of dates and papers, made by their said agent, petitioner is unable to give the exact date of the several conversions and misappropriations of their money aforesaid." "The mere statement in the petition that plaintiff could not have discovered that the alleged representations of defendant were false and fraudulent, by the use of reasonable diligence, evidently will not relieve him from the bar of the statute. If the want of such knowledge will prevent the running of the statute, it is not sufficient for the plaintiff to assert merely the conclusion that he could not have discovered that the representations made by him were false, by the use of reasonable diligence, but he must state the facts upon which he relies, that the court may see whether they justify and support such conclusion." [Bremond v. McLean, 45 Tex. 10.] And again, in Kuhlman v. Baker, 50 Tex. 630, it is said: "Notwithstanding a general averment of the conclusion that the plaintiff could not by reasonable diligence have sooner discovered the fraud, if the facts stated show, on the contrary, that the failure to discover it sooner was the result of his own laches, then the petition fails to show that limitation only commenced to run from the

time of such discovery." The rule is that limitation in cases of fraud begins to run from the time when, by the use of reasonable diligence, it could have been discovered. [Alston v. Richardson, 51 Tex. 1.] And a plaintiff cannot excuse his delay in instituting his suit on the ground of fraudulent concealment, if his failure to discover his cause of action is attributable to his own neglect or default. [Munson v. Hollowell, 26 Tex. 475.]

February 15, 1882.        Reversed and remanded.