

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-1218-08, PD-1219-08, PD-1220-08 & PD-1221-08

## FRANK TRINIDAD & JOHNNY ADAMS, JR., Appellants

## v.

## THE STATE OF TEXAS

### ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### ATASCOSA & WILSON COUNTIES

PRICE, J., delivered the opinion of the court in which KELLER, P.J., and MEYERS, WOMACK, KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined. JOHNSON, J., filed a concurring opinion.

## O P I N I O N

In 2007, the Texas Legislature amended Article 33.011(b) of the Code of Criminal Procedure.[1] According to the amendment, an alternate juror in a criminal case tried in the district court, if not called upon to replace a regular juror, shall no longer be discharged at

---

[1] TEX. CODE CRIM. PROC. art. 33.011(b).

the time that the jury retires to deliberate, but shall now be discharged after the jury has rendered a verdict.[2]  Unfortunately, the amended statute does not indicate whether the alternate juror should be allowed to be present for, and to participate in, the jury's deliberations or, instead, whether he should be sequestered from the regular jury during its deliberations until such time as the alternate's services might be required by the disability of a regular juror.  In the instant cases, the trial court opted for the former contingency.[3]  The court of appeals held in each case that, in doing so, the trial court violated the constitutional requirement of a jury composed of twelve persons, or, alternatively, that the trial court violated the statutory prohibition against permitting any person not a juror into the jury deliberation room.[4]  We granted the State's petitions for discretionary review, and

---

[2]

Prior to the amendment, Article 33.011(b) provided that "[a]n alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict."  The 2007 amendment altered the provision so that it now reads: "An alternate juror who does not replace a regular juror shall be discharged after the jury has rendered a verdict on the guilt or innocence of the defendant and, if applicable, the amount of punishment."  Acts 2007, 80th Leg., ch. 846, p. 1774, § 1, eff. Sept. 1, 2007.  *See also* TEX. CODE CRIM. PROC. art. 36.29(d), as also amended by Acts 2007, 80th Leg., ch. 846, p. 1774, § 2, eff. Sept. 1, 2007 ("After the jury has rendered a verdict on the guilt or innocence of the defendant, and, if applicable, the amount of punishment, the courts shall discharge an alternate juror who has not replaced a juror.").

[3]

The appellants were tried approximately one month apart in adjacent counties but by the same trial judge.  Both trials commenced shortly after the effective date of the amendments to Articles 33.011(b) and 36.29(d).

[4]

*Trinidad v. State*, 275 S.W.3d 52, 60 (Tex. App.—San Antonio 2008) ("We conclude that the Texas Constitution precludes the deliberation of more than twelve jurors.  TEX. CONST. art. V, § 13.  If the alternate is not considered a juror, then the participation of the alternate in deliberations violates article 36.22's prohibition against outside influence.  TEX. CODE CRIM. PROC. ANN. art. 36.22 (Vernon 2006)."); *Adams v. State*, 275 S.W.3d 61, 67 (Tex. App.—San Antonio 2008)

consolidated the cases, in order to address the State's contentions that the court of appeals erred to hold (1) that the appellants did not forfeit any complaint on appeal by failing to object when the jury retired to deliberate, and (2) that the alternate jurors' participation in deliberations violated either the constitution or the statute. We now hold that there was no constitutional violation and that any complaint about a statutory violation was forfeited by the appellants' failure to invoke the statute in a timely manner. We therefore reverse the judgments of the court of appeals and reinstate the judgments of the trial courts.

## FACTS AND PROCEDURAL POSTURE

### Trinidad

Trinidad was convicted of murder and the jury assessed his punishment at a life sentence. At the conclusion of the presentation of evidence at the guilt phase of trial, but before the jury charge was read and the parties presented closing argument, the trial judge gave the following instruction in open court in the presence of the jury:[5]

> Let me make explanation before I begin reading the charge of the Court to Ms. Coward who is the alternate juror. We've recently had a change in the law prior to September 1st. The alternate juror is excused at this point in time but there's been a change in the law so now you will actually go into the jury room and be part of the deliberation process and only thing that you will not do is, you will not vote with the jury. If anyone of the jury members were to become disabled during deliberation process then you would step in and serve and vote at that time but at this time we have twelve and you do not vote.

(same).

[5] The court of appeals mistakenly asserted that this instruction came *after* the closing arguments. *Trinidad*, *supra*, at 56.

Trinidad made no objection on the record to the trial court's permitting the alternate juror to "be part of the deliberation process[,]" either at this point in time or at any other. Thus, as far as the record reveals, alternate juror Coward retired with the jury at the guilt phase of its deliberations and was at least present during all the jury's deliberations, and Trinidad interposed no legal complaint of any character.

## Adams

In a consolidated trial, Adams was convicted of three instances of aggravated sexual assault and sentenced by the jury to concurrent twenty-five-year prison terms.[6] At the close of evidence at the guilt phase of trial, just before the trial court read the charge to the jury, the trial court announced in open court in the jury's presence:

> Ms. Hurt, as the alternate juror prior to September 1st your duties would have been complete but we've had a change in the law that took effect beginning after September 1st that says you are to continue with the jury until a verdict is reached. So you will go with the twelve members of the jury into the jury room for the deliberations but you will not be voting on the verdict unless one of the jurors were to become disabled during the deliberations.

Adams failed to object to this instruction on the record, and alternate juror Hurt was apparently present during both the guilt phase and the punishment phase of the jury's deliberations.

---

[6] The court of appeals's assertion that Adams was "indicted on three counts" of aggravated sexual assault gives the inaccurate impression that the charges were contained as separate counts of a single indictment. *Adams*, *supra*, at 63. In fact, the record reveals that the grand jury indicted Adams separately for each of three instances of aggravated sexual assault allegedly perpetrated on the same day but against three different victims.

**On Appeal**

On appeal, both appellants argued that, in allowing the alternate jurors to be present during jury deliberations, the trial court violated Article V, Section 13 of the Texas Constitution,[7] and Articles 33.01, 33.011, 36.22, and 36.29 of the Code of Criminal Procedure.[8] The State countered that the appellants procedurally defaulted these claims by failing to assert them at trial. Even if the appellants did not forfeit them, the State further asserted, the claims have no merit because the trial court properly and constitutionally implemented the amendment to Article 33.011(b).

The court of appeals reversed both convictions.[9] With respect to the forfeiture issue, the court of appeals held that Article V, Section 13's guarantee of a twelve-member jury is a "waiver-only" right, under the rubric of *Marin v. State.*[10] While such a right can be

---

[7]
TEX. CONST. art. V, § 13 (". . . petit juries in the District Court shall be composed of twelve persons[.]").

[8]
TEX. CODE CRIM. PROC. arts. 33.01 (". . . in the district court, the jury shall consist of twelve qualified jurors."), 33.011(b) ("Alternate jurors . . . shall replace jurors who, prior to the time the jury renders a verdict on the guilt or innocence of the defendant, and, if applicable, the amount of punishment, become or are found to be unable or disqualified to perform their duties or are found by the on agreement of the parties to have good cause for not performing their services."), 36.22 ("No person shall be permitted to be with a jury while it is deliberating."), and 36.29(a) ("Not less than twelve jurors can render and return a verdict in a felony case" unless a regular juror dies or becomes disabled, in which case "the remainder of the jury shall have the power to render the verdict[.]").

[9]
*Trinidad, supra,* at 61; *Adams, supra,* at 68.

[10]
851 S.W.2d 275, 280 (Tex. Crim. App. 1993).

affirmatively waived, it can never be forfeited by inaction. Because the appellants did not affirmatively waive the right to a twelve-member jury, the court of appeals concluded, it could reach the merits of their claims though raised for the first time on appeal.[11] On the merits, the court of appeals concluded that allowing the alternate jurors to participate in deliberations violated Article V, Section 13,[12] and that this constitutional error was not harmless beyond a reasonable doubt.[13]

Alternatively, the court of appeals seems to have held that, even if the alternate juror in each case should not be considered an extra juror in violation of Article V, Section 13, the alternate jurors constituted "an outside influence" in contemplation of Article 36.22's prohibition against non-jurors in the jury room during deliberations.[14] With respect to this alternative, statutorily based holding, the court of appeals did not ask whether this claim *also* invokes an absolute prohibition or a waiver-only right under the *Marin* rubric, such that it was appropriate for the court of appeals to address it on the merits. Nor did the court of appeals undertake an analysis of whether its alternative, statutory basis for finding that the trial court erred was harmful under the standard that governs the reversibility of statutory

---

[11] *Trinidad*, *supra*, at 58; *Adams*, *supra*, at 65.

[12] *Trinidad*, *supra*, at 60; *Adams*, *supra*, at 67.

[13] *Trinidad*, *supra*, at 60-1 (applying TEX. R. APP. P. 44.2(a)); *Adams*, *supra*, at 67-8 (same).

[14] *Trinidad*, *supra*, at 60; *Adams*, *supra*, at 67. *See* TEX. CODE CRIM. PROC. art. 36.22 ("No person shall be permitted to be with a jury while it is deliberating.").

error.[15]

## ARTICLE V, § 13

From its inception in the Texas Constitution of 1876, Article V, Section 13, has plainly required that "petit juries in the District Court shall be composed of twelve" members.[16] Trial by jury in a felony case in Texas has long been thought to mean a verdict returned by *exactly* twelve jurors—no more and (unless up to three jurors should die or become disabled, subject to statutory regulation) no fewer. At least at the beginning, a felony conviction premised upon the verdict of a jury comprised of any number but twelve (at least where none of the twelve has died or become disabled during the course of the trial) was considered to be error of a fundamental nature in Texas, which could be vindicated even when raised for the first time on appeal.[17] Soon after we decided *Marin*, we reiterated that

---

[15]

TEX. R. APP. P. 44.2(b).

[16]

TEX. CONST. art. V, § 13. This provision has always also provided that a petit jury, originally composed of twelve members, may render a verdict with fewer than the original twelve, subject to legislative regulation, "[w]hen, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled[.]" *Id*. In 2001, it was amended to read "twelve persons" in place of the original "twelve men." Acts 2001, 77th Leg., H.J.R. 75, § 2.09, adopted Nov. 6, 2001.

[17]

For example, in *Ogle v. State*, 43 Tex. Crim. 219, 63 S.W. 1009 (1901), we observed:

With respect to petit juries it is well settled that it must consist of the exact number prescribed by the constitution. In Stell v. State, 14 Tex. App. 59 [(1883)], it is said: 'The record must show that the jury was a legal one, and if it does not the error is a radical one, which will be considered on appeal, whether properly availed of in the court below, or not, because "due course of the law of the land" demands a legal conviction by a legal jury.'

Article V, Section 13's requirement of a jury composed of twelve members "has been held to be non-waivable even with the consent of the State and the defendant."[18] But two years later, in *Hatch v. State*,[19] we revisited the issue and overruled *Hernandez*, essentially holding that, because the right to a jury trial is itself subject to express waiver, both constitutionally and statutorily,[20] a defendant may also waive his statutory right, under Article 36.29(a) of the

---

*Id.*, Tex. Crim. at 230, S.W. at 1011. *See Lott v. State*, 18 Tex. App. 627, 629-30 (1884) (also quoting *Stell* to the effect that a petit jury of fewer than twelve constitutes error that can be raised for the first time on appeal); *see also Rich v. State*, 1 Tex. App. 458, 464 (1876) (petit jury consisting of fewer than constitutionally required number presents unassigned reversible error even in the absence of a trial objection); *Huebner v. State*, 3 Tex. App. 206, 210 (1878) (same); *Marks v. State*, 10 Tex. App. 334 (1881) (same); *Jester v. State*, 26 Tex. App. 369, 9 S.W. 616-7 (1888) (same); *Jones v. State*, 52 Tex. Crim. 303, 305-7, 106 S.W. 345, 347 (1907) (opinion on reh'g) (trial by a jury of fewer than twelve members could be challenged for the first time on rehearing in this Court); *Dunn v. State*, 88 Tex. Crim 21, 22, 224 S.W. 893 (1920) (defendant cannot even consent to be tried by a jury of fewer than twelve); *Clark v. State*, 276 S.W.2d 819, 820 (Tex. Crim. App. 1955) (same).

[18] *Ex parte Hernandez*, 906 S.W.2d 931, 932 (Tex. Crim. App. 1995). In *Marin* we had observed:

> Finally, absolute requirements and prohibitions, like rights which are waivable only, are to be observed even without partisan request. But unlike waivable rights, they can't lawfully be avoided even with partisan consent. Accordingly, any party entitled to appeal is authorized to complain that an absolute requirement or prohibition was violated, and the merits of his complaint on appeal are not affected by the existence of a waiver or a forfeiture at trial.

851 S.W.2d at 280.

[19] 958 S.W.2d 813 (Tex. Crim. App. 1997).

[20] The logic of *Hatch* runs essentially as follows: Article I, Section 15 of the Texas Constitution ensures that the right to jury trial "shall remain inviolate." TEX. CONST. art. I, § 15. But that same provision requires the Legislature to "pass such laws as may be needed to regulate the same[.]" *Id.* Pursuant to this constitutional authority to regulate the right to trial by jury, in the 1965

Code of Criminal Procedure, to a jury verdict rendered by a jury composed of twelve members.[21] The court of appeals found in these cases that the constitutional requirement of a jury composed of exactly twelve members is a waiver-only provision in contemplation of *Marin*, which a defendant must expressly waive in the trial court before it can be said that he has lost it for appeal.

But we need not resolve that question today. Assuming that the court of appeals was correct to address the merits of the appellants' constitutional complaints, we hold that it erred to conclude that the appellants suffered the verdict of a jury of more than twelve members in violation of Article V, Section 13. In neither of the appellants' cases was the alternate juror allowed to vote on the ultimate verdict in the case, at either stage of trial. As long as only the twelve regular jurors voted on the verdicts that the appellants received, it cannot be

---

Code of Criminal Procedure, the Legislature for the first time provided by statute that a felony defendant could waive his right to a jury trial even when he intended to plead not guilty. Acts 1965, 59th Leg., ch. 722, p. 322, eff. Jan. 1, 1966. If a defendant who pleads not guilty in a felony case can constitutionally waive his right to a jury trial altogether, *see McMillan v. State*, 122 Tex. Crim. 583, 585, 57 S.W.2d 125 (1933) (Article I, Section 15 authorizes Legislature to provide for waiver of jury trial: "[T]he Legislature is without power to deny the right of trial by jury, but is not without power to provide for the waiving of such right."), then he should also be able to waive his right to a jury that consists of the exact constitutional complement of twelve, *cf. Mackey v. State*, 68 Tex. Crim. 539, 540, 151 S.W. 802, 803 (1912) ("Our statute provides that an appellant in a misdemeanor case can waive a jury altogether. This would carry with it the further right to agree to a trial by a jury composed of less than six men."), notwithstanding Article V, Section 13 and Article 33.01 of the Code of Criminal Procedure.

21 *Id*. at 815. *See also Roberts v. State*, 957 S.W.2d 80, 81 (Tex. Crim. App. 1997) (remanding for reconsideration in light of *Hatch* where court of appeals held that requirement of jury composed of twelve members could not be waived); *Harrell v. State*, 980 S.W.2d 661 (Tex. Crim. App. 1998) (requirement of jury composed of twelve members can be, and was, expressly waived).

said that they were judged by a jury of more than the constitutionally requisite number. That the alternate jurors were present in the jury rooms during deliberations, and may even have participated in all but the voting, does not mean that the jury was "composed" of more than twelve members for purposes of Article V, Section 13.[22] The error in these cases, if any,[23] in allowing the alternates to be present with the regular jurors during their deliberations is more usefully conceived of as an error in allowing an outside influence to be brought to bear on the appellants' constitutionally composed twelve-member juries. As the court of appeals recognized, such error, if any, would be controlled by Article 36.22, which is the statute that expressly prohibits any outside "person" from being "with a jury while it is deliberating."[24]

---

[22]

The court of appeals did not address whether any error occurred under Article 33.01 (a) of the Code of Criminal Procedure, the statute that codifies Article V, Section 13's requirement of a petit jury of exactly twelve members. *See* TEX. CODE CRIM. PROC. art. 33.01(a) ("[i]n the district court, the jury shall consist of twelve qualified jurors."). Even assuming the appellants need not have preserved this alleged statutory error either, under *Marin*, Article 33.01(a) was not violated any more than Article V, Section 13 was. Because only twelve regular jurors ultimately voted on the appellants' verdicts, their juries did "consist" of twelve jurors for purposes of the statute.

[23]

*See* note 24, *infra*.

[24]

TEX. CODE CRIM. PROC. art. 36.22. Whether the alternate jurors constituted outside "persons" in contemplation of Article 36.22 depends, at least in part, upon the Legislature's intention when it amended Article 33.011(b). The State argued on appeal that Article 36.22 was not violated because amended Article 33.011(b) renders an alternate juror a part of the regular "jury" during its deliberations, so that the alternate juror would not constitute an outside "person" in contemplation of Article 36.22's prohibition. The court of appeals found the text of Article 33.011 to be ambiguous, however, with respect to this question. *Trinidad*, *supra*, at 59; *Adams*, *supra*, at 66-7. Resorting, therefore, to legislative history, the court of appeals determined that the Legislature did not intend that alternate jurors should actually participate in jury deliberations prior to any disability of a regular juror, but should instead be separated until such time as they might be needed. *Id*. Given our ultimate holding, *infra*, that the appellants forfeited their statutory claims, we leave resolution of this

As we have already noted, however, the court of appeals did not expressly address whether this statutory error was subject to forfeiture, consistent with *Marin*.

## ARTICLE 36.22

Article 36.22 is couched in mandatory terms ("No person *shall* be permitted to be with the jury while it is deliberating . . .").[25] But this does not necessarily mean that the statute identifies an absolute prohibition or a waiver-only right that can be invoked for the first time on appeal under the *Marin* categories.[26] Nothing else about Article 36.22 suggests that the Legislature regarded the requirement of a jury completely free of outside influence to be so indispensable to the fairness of trial that the system simply will not tolerate any conviction obtained under those circumstances, regardless of the will of the parties or how trivial the outside influence might be. The right to a jury verdict entirely untainted by any potential outside influence strikes us as properly categorized among the "[a]ll but the most fundamental rights [that] are thought to be forfeited if not insisted upon by the party to whom

issue for another day.

[25] *Id*. (emphasis added).

[26] *See Ex parte Douthit*, 232 S.W.3d 69, 76 (Tex. Crim. App. 2007) (Price, J., dissenting) ("This is not to say that any and every mandatory criminal procedural statute will invariably set up an absolute or fundamental feature of the system, not optional with the parties . . . ."); *Ex parte McCain*, 67 S.W.3d 204, 210 (Tex. Crim. App. 2002) ("To say that a statute is 'mandatory' is simply to say that the law prescribes the manner in which a particular action should or shall be taken.").

they belong."[27]   We perceive no reason that a defendant should not be deemed to have forfeited the protections of Article 36.22 in the event that he becomes aware of its breach during the course of the trial but fails to call the transgression to the trial court's attention so that the error may be rectified or, barring that, so that the defendant can make a timely record for appeal.  For these reasons, we agree with former Presiding Judge Onion that a violation of Article 36.22 is subject to the contemporaneous objection rule[28]—at least so long as the violation comes to the attention of the defendant, as it did in these cases, in time for him to make an objection on the record.

In each of the instant cases, the trial court announced in open court on the record that it would permit the alternate juror to remain "with the jury while it is deliberating."  The appellants had every opportunity to object that the trial court's attempts to comply with the recent amendment to Article 33.011(b) of the Code of Criminal Procedure,[29] would run afoul of Article 36.22, but they did not do so.  Under these circumstances, we sustain the State's assertion that these appellants have procedurally defaulted their statutory arguments on

---

[27]

*Marin*, *supra*, at 279.  In *State v. Morales*, 253 S.W.3d 686, 697 & n.41 (Tex. Crim. App. 2008), we observed that the right to trial by an impartial jury is subject to forfeiture.

[28]

*See Klapesky v. State*, 256 S.W.3d 442, 452 (Tex. App.—Austin 2008, pet. ref'd) (when trial court inadvertently allowed alternate jurors to retire along with regular jurors to deliberate, then recalled jury after five minutes and released the alternates, appellant forfeited appellate complaint under Article 36.22 by failing to timely object as required by TEX. R. APP. P. 33.1(a)).

[29]

TEX. CODE CRIM. PROC. art. 33.011(b).

appeal, and we hold accordingly that the court of appeals erred to reach the merits of their statutorily based claims.

## CONCLUSION

We conclude that the court of appeals in these cases (1) erred to conclude that the trial court subjected each appellant to trial by a jury of more than twelve members, in violation of Article V, Section 13, and (2) erred to address the merits of each appellant's argument that the presence of the alternate juror during deliberations violated Article 36.22. The judgments of the court of appeals are reversed, and the judgments of the trial court are reinstated.


Delivered:    June 9, 2010
Publish