WR-84,239-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/7/2015 3:43:45 PM
Accepted 12/7/2015 3:53:36 PM
ABEL ACOSTA
CLERK

## WRIT NO. WR-84,239-01

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE TEXAS** RECEIVED |
| | § | COURT OF CRIMINAL APPEALS |
| | § | 12/7/2015 |
| | § | **COURT OF** ABEL ACOSTA, CLERK |
| **JAMES CHRISTOPHER** | § | |
| **NORTH** | § | **CRIMINAL APPEALS** |

## TRIAL COURT NO. 9790-D

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE 350ᵀᴴ DISTRICT** |
| | § | |
| | § | **COURT OF** |
| **JAMES CHRISTOPHER** | § | |
| **NORTH** | § | **TAYLOR COUNTY, TX** |

### OBJECTIONS TO TRIAL COURT'S "RESPONSE" ON APPLICATION FOR A WRIT OF HABEAS CORPUS

On November 6, 2015, James Christopher North filed in Taylor County's 350th District Court an Application for a Writ of Habeas Corpus. He raised four grounds of ineffective assistance of his trial counsel, supporting those grounds with a detailed 41-page memorandum. Additionally, linked with his third ground, North filed a motion for forensic testing of the complainant's clothing.

15 days later, without the benefit of any response from North's trial counsel or the State—let alone a hearing on the application—the district court filed its own "response." *Cf.* TEX. CODE CRIM. PROC. art. 11.07 § 3(c)

1

(directing State to file answer within 15 days of filing). In two pages—and with every bit as little analysis as that indicates—the court concluded that each of North's claims was facially meritless and thus required no development of unresolved facts. Or the first three claims, anyway. The court did not bother to "respond" to North's fourth ground.

The court was wrong. And if it would actually consider North's application, it would recognize that. Accordingly, North objects to the trial court's summary rejection of his application for a writ of habeas corpus.

## I.    Trial counsel was ineffective in failing to present North's most viable defense

In North's first ground, he argued his trial attorneys performed objectively unreasonably in failing to present at the guilt phase of trial critical evidence of North's diminished mental capacity. That diminished capacity caused North to be incapable of forming a culpable mental state. Because his attorneys were consequently unable and unprepared to challenge North's guilt, North respectfully urged the court that, because he was prejudiced by his attorneys' failure, their performance was ineffective and he is entitled to a new trial.

In response, the court rejected North's claim because it found that counsel had no "reason to question [North's] mental state." (Resp. at 1).

2

This reflects a remarkable ignorance of the trial record. The defensive presentation at punishment clearly shows that counsel were aware of North's diminished mental capacity. Indeed, the defense called a neuro-psychologist at the punishment phase, Dr. Brinkman, who testified that North's brain injury "affects things like judgments, making decisions, behavioral control, emotional control." (RR20: 84, 89). The defense just failed to do so at the guilt phase of trial, thus foregoing the only viable defense to the indictment. Moreover, North's family repeatedly made his counsel aware of his mental limitations. *See, e.g.,* Attachment 1.

Perhaps, then, that's why, seemingly paradoxically, the court further rejected North's first ground on the additional basis that North's mental state *was* placed before the jury. (Resp. at 2). But, again, North complained of counsel's failure to enter such evidence at the guilt phase, not punishment.

The court's rejection of North's first ground on these bases is entirely unreasonable. If nothing else, the writ application requires some response from North's trial counsel. Unfortunately, the court's summary dismissal of this ground is indicative of the remainder of the court's responses. North thus objects to the court's findings and conclusion as to

ground one.

## II. Trial counsel was ineffective in failing to object to the trial court's instruction to the alternate juror to be present during the jury's deliberation

In North's second ground, he complained of his counsel's failure to to object to the trial court's instruction to the alternate juror to be in the jury room during deliberations. In response, the court contended the "presence of the alternate juror in the jury room during jury deliberations was not subject to lawful objection in 2011," and that, regardless, there is no evidence the alternate juror "had any material effect on the jury's decision." (Resp. at 2).

As explained in detail in North's original memorandum, however, the San Antonio Court of Appeals in 2008 twice held that permitting alternate jurors to be present during deliberations violates article 36.22 of the Code of Criminal Procedure's prohibition against outside influence. *See Adams v. State*, 275 S.W.3d 61 (Tex. App.--San Antonio 2008), *rev'd on other grounds*, 312 S.W.3d 23 (Tex. Crim. App. 2010); *Trinidad v. State*, 275 S.W.3d 52 (Tex. App.-San Antonio 2008), *rev'd on other grounds*, 312 S.W.3d 23 (Tex. Crim. App. 2010). And as made clear in the affidavit attached to North's original memorandum, the alternate juror

4

explicitly expressed during deliberations her opinion that North was guilty. The court's summary rejection of North's second ground, then, is every bit as inappropriate as its first. Accordingly, North again objects.

## III. Trial counsel was ineffective in failing to investigate and present crucial evidence in support of the alternative defense advanced

In North's third ground, he complained of his trial counsel's failure to adequately investigate the case before trial. Indeed, there was evidence that supported North's claim of self-defense. But defense counsel failed to submit for forensic testing for gunshot residue what might have been the most powerful evidence of all: the complainant's clothing. This evidence would have furthered North's defense by establishing that the complainant fired his gun at North and may have made the difference between a non-defense and a defense. Concurrent with this ground, North filed a motion to allow for forensic testing now.

The court rejected this ground first because North cannot show what the testing would reveal. But the court's principal concern in deciding whether North's attorneys exercised "reasonable professional judgment" in this instance is whether the *investigation* supporting their decision not to introduce such evidence was itself reasonable. *Wiggins v.*

*Smith*, 539 U.S. 510, 514, 522-23 (2003). And as to that question, "*Strickland* does not establish that a cursory investigation automatically justifies a tactical decision with respect to sentencing strategy. Rather, a reviewing court must consider the reasonableness of the investigation said to support that strategy." *Id.* at 527 (citing *Strickland*, 466 U.S. at 691). In this case, where North's trial attorneys already chose to assert a defense of self-defense rather than the more promising mental-state defense, their failure to then investigate self-defense was unreasonable.

The court further rejected this ground because several witnesses provided evidence relating to whether the complainant fired his weapon. But "[n]one testified that [the complainant] fired his handgun." *North v. State*, No. 11-11-00338-CR, 2014 WL 272455, *3 (Tex. App.—Eastland 2014, pet. ref'd). Were the trial court rejecting this ground on the theory that any evidence revealed by testing would be cumulative, then—the court does not explain itself, so this is North's best guess—the court is again woefully incorrect. Thus, the entirety of the court's summary responses to ground three being absurd, North again objects.

## IV. Trial counsel was ineffective in failing to prepare witnesses to testify

6

As noted above, as to this final ground—which itself included three sub-allegations—the court lodged no response at all. Accordingly, North, of course, objects to the trial court's rejection of his writ without even considering its grounds.

## V. Conclusion

The trial court's disregard for North's right to pursue a writ of habeas is shocking. That a supposedly neutral arbiter would reject an application via a bare-bones "response" without consulting either North's counsel or the State is entirely egregious. North pleads with this Court to recognize as much and to return this case to the trial court to carry out its constitutional and statutory duty.

Respectfully submitted,

/s/ Robert N. Udashen
ROBERT N. UDASHEN, P.C.
Bar Card No. 20369600
rnu@sualaw.com


/s/ Brett Ordiway
BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road, Suite 250
Dallas, Texas 75201

(214)-468-8100 (office)
(214)-468-8104 (fax)

*Counsel for Applicant*

**<u>Certificate of Service</u>**

I, the undersigned, hereby certify that a true and correct copy of the foregoing Objections to Trial Court's "Response" on Application for a Writ of Habeas Corpus was mailed to the Taylor County District Attorney's Office and the 350th Judicial District Court of Taylor County on December 7, 2015.

/s/ Robert N. Udashen
ROBERT N. UDASHEN, P.C.

EXHIBIT

*Robyn M. North*
*Jackson Walker L.L.P.*
*777 Main Street*
*Suite 2100*
*Fort Worth, Texas 76102*
*direct: 817-334-7241*
*fax: 817-870-5141*
*http://www.jw.com/rnorth*

The information contained in this message may be protected by the attorney-client privilege. Please reply to the sender of this e-mail if you have received it in error and then delete it. This communication does not reflect an intention by the sender or the sender's client to conduct a transaction or make any agreement by electronic means or to constitute an electronic signature. As required by United States Treasury Regulations, this communication is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding penalties that may be imposed under United States federal tax laws.

---

**From:** North, Robyn
**Sent:** Thursday, March 17, 2011 10:12 AM
**To:** 'sammoorelaw@sbcglobal.net'
**Subject:** Medical records/mitigation

Athena,

This is a great article, I haven't read it all yet.

http://www.texasappleseed.net/pdf/hbook_MH_attorney_MentalIllness.pdf

*Robyn M. North*
*Jackson Walker L.L.P.*
*777 Main Street*
*Suite 2100*
*Fort Worth, Texas 76102*
*direct: 817-334-7241*
*fax: 817-870-5141*
*http://www.jw.com/rnorth*

The information contained in this message may be protected by the attorney-client privilege. Please reply to the sender of this e-mail if you have received it in error and then delete it. This communication does not reflect an intention by the sender or the sender's client to conduct a transaction or make any agreement by electronic means or to constitute an electronic signature. As required by United States Treasury Regulations, this communication is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding penalties that may be imposed under United States federal tax laws.