

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0804-19

**JOE LUIS BECERRA, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE TENTH COURT OF APPEALS
## BRAZOS COUNTY

**MCCLURE, J., delivered the unanimous opinion of the Court.**

## O P I N I O N

If an alternate juror retires with the jury and is present during deliberations, at what point is an appellant's objection to the thirteenth juror's presence timely made: when the jury retires to deliberate, or when an appellant becomes aware that the alternate is present during deliberations? We conclude that the grounds for Appellant's objection to the alternate juror being sent into the jury room were not apparent until counsel became aware of the error. Because Appellant's objection,

motion for mistrial, and motion for new trial were timely, the court of appeals erred by failing to reach the merits of Appellant's statutory and constitutional claims.

## BACKGROUND

After both sides presented closing arguments in Appellant's trial, an alternate juror retired with the twelve, regular jurors for deliberations. Approximately 46 minutes later, a bailiff discovered this, the alternate was removed from the jury room, and the parties were notified of the situation. The trial court immediately separated the alternate juror from the regular, twelve jurors and conducted a hearing with the parties regarding the alternate juror's participation.

It was at this time that defense counsel complained about the alternate's presence and moved for a mistrial. At the hearing on the motion for a mistrial, the trial court and counsel for the State and Appellant extensively discussed our holding in *Trinidad v. State*[1] to determine how to proceed. The court read from *Trinidad* that the appellants forfeited any complaint about an alternate juror's presence in deliberations by failing to invoke the statute, article 33.011(b), in a timely manner. Appellant's counsel stated in response: "Well, there goes another waiver on my part." The court clarified counsel's statement: "So the failure to object to [thirteen] going back in [the jury room] at 9:45 [a.m.] in this case resulted in a waiver." Counsel for Appellant responded affirmatively, noting that he was "bound to object and request a mistrial to preserve the record."

---

[1] *Trinidad v. State*, 312 S.W.3d 23 (Tex. Crim. App. 2010).

The State requested an instruction be given to the jury to disregard any participation by the alternate juror. Appellant's counsel agreed with the substance of the instruction, but also asked for a mistrial "based on the presence of the juror, preserving any error, if any," even though he informed the trial court that he did not have any indication of harm at that point. The trial court overruled Appellant's motion for mistrial and called the jury back to give them the instruction. The instruction given to the jury was:

> Members of the jury, jury deliberations began at 9:45 a.m. At 10:31 a.m., the Court realized that the alternate juror, [alternate juror], was allowed into the jury room by mistake and [alternate juror] was at that time asked to separate from the jury. [Alternate juror] has been placed in a separate room over here and he will continue to serve as the alternate juror in this case. He simply cannot be present during the deliberations of the 12 jurors. You are to disregard any participation during your deliberations of the alternate juror, [alternate juror]. And following an instruction on this extra note that the Court received, you should simply resume your deliberations without [alternate juror] being present.

The jury was sent to resume deliberations without the alternate juror and returned a verdict of guilty less than 40 minutes later. The verdict was confirmed when the jury was polled individually.

## APPELLANT'S MOTION FOR NEW TRIAL

Appellant filed a motion for new trial alleging violations of Texas Constitution Article V, Section 13 and Articles 33.01, 33.011, and 36.22 of the Code of Criminal Procedure. He attached an affidavit from one of the jurors. In the affidavit, the juror stated that the alternate voted on the verdict of guilty prior to the

bailiff discovering the alternate juror's presence, and that the remaining jurors did not vote again on the issue of guilt after the alternate was removed. The trial court held a hearing on Appellant's motion for new trial and denied Appellant's motion.

## DIRECT APPEAL

On appeal, Appellant argued that he was denied the right to a trial by only twelve jurors in violation of the Texas Constitution, Article V, Section 13. Appellant further argued that the presence of the alternate juror during deliberations violated Articles 33.01, 33.011, and 36.22 of the Texas Code of Criminal Procedure. The court of appeals held that these claims were not preserved because the objection and motion for mistrial were not timely. *See Becerra v. State*, ___ S.W.3d ___, 2019 Tex. App. LEXIS 4850 (Tex. App.—Waco, 2019).  The intermediate court relied on *Pena v. State*, 285 S.W.3d 459 (Tex. Crim. App. 2009), which held than an objection is timely if made at the earliest opportunity or as soon as the grounds for the objection become apparent and made at a time when the judge is in the proper position to do something about it. *Pena, 285 S.W.3d* at 464. The court of appeals determined that the grounds for Appellant's objection to the alternate juror being sent into the jury room "were apparent at the time it happened, which was when the jury began deliberations." *Becerra*, No. 10-17-00143-CR at *5-6. The court of appeals reasoned that, because Appellant did not object at the time the jury was sent to deliberate, his objection and motion for mistrial were not made at the time the trial court was in the proper position to prevent the error, and therefore were not timely.

## ANALYSIS

### I.  Texas Statutory Claim

In *Trinidad*, this Court held that an appellant could forfeit a complaint about an alternate juror's presence in deliberations by failing to invoke the statute in a timely manner. *See Trinidad*, 312 S.W.3d at 29. In the instant case, both the trial court and the court of appeals held that the "timely manner" or the "earliest opportunity" was at the moment the alternate entered the jury room for deliberations. We disagree with this reading of *Trinidad*. We hold that the critical moment to object to jury misconduct error is not when the jury leaves the courtroom to deliberate. Instead, an objection is timely made when the appellant becomes aware of the error.

This is consistent with *Trinidad* in which we said:

> We perceive no reason that a defendant should not be deemed to have forfeited the protections of Article 36.22 in the event that *he becomes aware of its breach during the course of the trial but fails to call the transgression to the trial court's attention* so that the error may be rectified or, barring that, so that the defendant can make a timely record for appeal. For these reasons, we agree with former Presiding Judge Onion that a violation of Article 36.22 is subject to the contemporaneous objection rule—*at least so long as the violation comes to the attention of the defendant, as it did in these cases, in time for him to make an objection on the record*.

*Trinidad*, 312 S.W.3d at 29 (italics added).

In the instant case, the alternate juror was immediately removed from the jury room when the trial court discovered that he was present with the regular twelve jurors during deliberations. Appellant moved for a mistrial as soon as the parties were notified that that the alternate was present in the jury room.  The trial court then

instructed the jury to disregard any participation of the alternate juror during deliberations, and to resume deliberations without the alternate present.

There is nothing in the record to indicate that defense counsel knew that the alternate went into the jury room with the twelve jurors for deliberations.[2] Nor is there anything in the record to indicate that the trial judge and the two prosecutors knew the alternate went with the jury.

The earliest opportunity for defense counsel to object to the alternate juror's presence was when the violation came to the attention of the defendant. Requiring otherwise would compel a defense attorney, after closing arguments, to follow the jury outside the courtroom, through doors, hallways, and perhaps other architectural features depending on how the particular courthouse is designed, finally reaching the jury room door for the purpose of counting the number of jurors before the jury begins deliberations. We decline to impose such a requirement. Therefore, the court of appeals erred to conclude that Appellant forfeited his statutorily based claims.

## II.    Texas Constitutional Claim

Appellant also argued that he was denied the right to a trial by only twelve jurors in violation of the Texas Constitution, Article V, Section 13. This Court interpreted this constitutional provision to mean that a jury should be composed of exactly twelve jurors: no more and no less. *Trinidad*, 312 S.W.3d at 27. In the instant

---

[2] Prior to the jury's dismissal for deliberations, the trial court did not instruct the jury that the alternate juror could not actively speak or participate in deliberations.

case, Appellant did not affirmatively waive the Article V, Section 13 right to a jury of precisely twelve members. Although this Court has not determined whether Article V, Section 13 creates a right that requires an affirmative waiver under *Marin v. State*[3], we need not address that issue today because Appellant preserved these claims for review in the motion for new trial.[4]

In *Trinidad,* we stated that violations of Article V, Section 13 are jury misconduct claims and, as such, should be preserved as jury misconduct claims. *Id.* at 28-29. A motion for new trial, supported by an affidavit, is the proper method for preserving a jury misconduct error. *Trout v. State*, 702 S.W.2d 618, 620 (Tex. Crim. App. 1985). Here, Appellant's motion for new trial, supported by a juror affidavit, provided information that was not available during trial, alleged harm, and preserved error for review. The court of appeals erred to conclude that Appellant forfeited his constitutional claim.

## CONCLUSION

We hold that Appellant timely objected as soon as he became aware of the error, moved for a mistrial, and filed a motion for new trial, thereby preserving his

---

[3] *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993).
[4] In *Trinidad*, we did not reach a decision on what is required to preserve error under Article V, Section 13. In that case, the alternate jurors did not vote. Therefore, even if the alternate jurors were in the jury room in violation of the statutes, only the twelve regular jurors reached a verdict so there was no violation of Article V, Section 13. In this case, the juror affidavit attached to the motion for new trial indicates that the alternate did vote on guilt, and there was no re-vote on that issue once the trial court removed the alternate.

statutory and constitutional claims for review.  Therefore, we reverse and remand the case to the court of appeals to reach the merits of Appellant's complaints.


FILED:     April 14, 2021
PUBLISH