

# In the Court of Criminal Appeals of Texas

No. PD-0280-22

JOE LUIS BECERRA,
*Appellant*

v.

THE STATE OF TEXAS

On Appellant's Petition for Discretionary Review
From the Tenth Court of Appeals
Brazos County

YEARY, J., filed a dissenting opinion.

Today the Court holds that the presence and participation of an alternate juror during jury deliberations in this case, in which the

alternate formally voted along with the jurors on the question of the defendant's guilt, violated neither Article 5, Section 13, of the Texas Constitution, nor Article 33.01(a) of the Texas Code of Criminal Procedure. TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. art. 33.01(a). For several reasons I disagree. I also cannot conclude that it was harmless beyond a reasonable doubt. TEX. R. APP. P. 44.2(a). I would therefore reverse the judgment of the court of appeals on that basis alone.

I do agree with the Court that the alternate juror's presence and participation during jury deliberations constituted a violation of Article 36.22 of the Code of Criminal Procedure, in addition to the constitutional violation. But in addressing the question of harm under Rule 44.2(b) of the Rules of Appellate Procedure, governing statutory error, the Court— without warning—seizes the opportunity in this case to disown the presumption of harm that our cases have heretofore interposed in such cases. TEX. R. APP. P. 44.2(b). While that might be an appropriate course of action for the Court to take at some point in time, that question is not before us today. So I do not see why the Court undertakes this endeavor. I would simply not address it.

## I. CONSTITUTIONAL ERROR: ART. V, § 13

The Court holds that an alternate juror cannot become a "juror" for purposes of either Article 5, Section 13, or Article 33.01(a), unless and until the trial court declares the alternate to be so.[1] *See* Majority

---

[1] Along the way, the Court takes issue with the rationale of *Trinidad v. State*, 312 S.W.3d 23 (Tex. Crim. App. 2010). There the Court held that the presence of an alternate juror during deliberations did not violate the constitutional (or the statutory) requirement of a jury of exactly twelve

Opinion at 21 ("An alternate juror is not a member of the regular jury until a trial court makes the determination that a sitting juror is disabled or disqualified and the trial court then replaces a sitting juror

---

members because the alternate juror, while engaging in deliberations with the actual jurors, did not participate in the "ultimate verdict." *Id*. at 28. The Court held that the jury could not be said to have been "composed" of more than twelve members when the alternate juror did not "vote on the verdicts" that Trinidad received. *Id*. Now the Court says this holding was "dicta." Majority Opinion at 26–27. I do not believe that is an accurate characterization. This reasoning was essential to the Court's conclusion that Trinidad's jury was not "composed" of more than "twelve persons" in violation of Article 5, Section 13.

The Court's holding today is broader than *Trinidad*'s holding. That is appropriate, I think, because the alternate juror's participation in this case was more extensive than that of the alternate juror in *Trinidad*, and a broader approach is necessary to the Court's desired disposition. Even when the alternate juror participates in voting for the "ultimate verdict," as the alternate juror in this case arguably did, the Court now concludes that this greater degree of participation *still* does not transform the alternate into a bona fide "juror" for purposes of the absolute limitation on the number of jurors of which a jury may be "composed" for purposes of Article 5, Section 13 (and of Article 33.02(a)). Majority Opinion at 26−27. The Court's reasoning today more or less subsumes the reasoning it engaged in in *Trinidad*. And it would have resolved that case as well. But that does not mean the Court's narrower holding in *Trinidad* constituted dicta that must be disavowed—and certainly not because it was "unnecessary to our disposition of the case" there. Majority Opinion at 27. It was necessary to our disposition even if a broader rationale might also have led to the same result.

It is true, as the Court points out, that the Court also observed in *Trinidad* that the error was "more usefully conceived of as an error in allowing an outside influence to be brought to bear on the appellant's constitutionally composed twelve member jury." Majority Opinion at 25 (quoting *Trinidad*, 312 S.W.3d at 28). But the Court only made this observation in *Trinidad* because it had already concluded that the extent of the alternate juror's participation in that case was not enough to render him a thirteenth juror for purposes of Article 5, Section 13. This observation was not, therefore, "the actual holding" of *Trinidad*, as the Court today mistakenly characterizes it. *Id*. Instead, our conclusion that the alternate juror's participation was not extensive enough to make him a thirteenth juror was the controlling rationale—flawed though the Court may now find it to be.

who becomes unable to perform his or her duties with an alternate juror."); TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. art. 33.01(a). I disagree with that conclusion.

It seems to me that anytime a thirteenth person is allowed to actively participate—to any extent—in deliberations in the jury room, as if he were a full-fledged member of the jury, the accused has suffered a violation of Article 5, Section 13. It should not matter whether the thirteenth person also actually participated in a vote upon the "ultimate verdict." *Trinidad v. State*, 312 S.W.3d 23, 28 (Tex. Crim. App. 2010). It should not even matter that—as in this case—after the anomaly was discovered, the thirteenth juror was removed before a verdict was returned, and the jury was instructed to disregard his input. As far as I am concerned, the constitutional damage has been done to the sanctity of the system.[2] The bell cannot be unrung.[3]

All that is left, then, is the question of harm. Under Rule 44.2(a), I cannot find it harmless beyond a reasonable doubt. This Court has said "that certain types of error may defy proper [harm] analysis or *the data may be insufficient to conduct a meaningful harm analysis.*" *Gonzales v.*

---

[2] In those cases that we have seen in which an alternate juror was allowed to be present in the jury room but was expressly instructed simply to observe and not participate in any way, and the record shows that he abided by that instruction, I am open to the argument that he did not constitute a thirteenth juror for purposes of Article 5, Section 13. Those are not the facts before us today.

[3] Thus, while I would not characterize the holding of *Trinidad* as dicta, *see* note 1, *ante*, I would regard it as underinclusive of what constitutes a violation of Article 5, Section 13. I do not view it as necessary that the intruder participate in the "ultimate verdict" before it may be said that his presence and participation in the deliberative process was extensive enough to make him an impermissible thirteenth juror for constitutional purposes.

*State*, 994 S.W.2d 170, 172 (Tex. Crim. App. 1999) (emphasis added). When that is the case, reversal is appropriate under Rule 44.2(a), which requires that a reviewing court "must reverse" unless it finds beyond a reasonable doubt that the error did not contribute to the conviction. TEX. R. APP. P. 44.2(a). In this case, what the record plainly *does* show is that the alternate juror was present in the jury room and participated in early deliberations as well as in an initial vote to find Appellant guilty. Beyond that, the data are simply insufficient for us to determine what impact the alternate juror's substantial participation had. Ascertaining that harm or no harm ensued from the alternate juror's participation in jury deliberations and his vote on the question of Appellant's guilt would necessarily involve an intricate examination and analysis of the group dynamics that existed within the unique combination of people who participated in the deliberations in this case.[4] Under these

---

[4] Judge Keel seems to take the almost-categorical position that the presence of a thirteenth juror during deliberations can never operate adversly to a defendant because it simply increases the likelihood that he can be, if not acquitted, then at least the beneficiary of a hung jury. Dissenting Opinion of Judge Keel at 5–6. With respect, I disagree.

In a so-called *Allen* (or "dynamite") charge, juries that appear to be hopelessly deadlocked are explicitly told that, *e.g.*, "[d]uring your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong." *See* Instruction—*Allen* Charge, State Bar of Tex., *Texas Criminal Jury Charges: General, Evidentiary, and Ancillary Instructions* CPJC 10.1, at 245 (2018); *id.* Commentary (noting that one of the elements of a proper *Allen* charge is to inform jurors that "they should listen, with a disposition to be convinced, to each other's arguments"). It is also generally presumed that juries will follow instructions given by the trial court. *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998). So, we must presume that any one juror (even an extra one) could be the one to sway the rest of the jurors to vote either to convict or acquit.

There is, therefore, always the possibility that the presence of a thirteenth juror during deliberations could lead to a conviction that might not

circumstances, I cannot conclude that the error was harmless beyond a reasonable doubt. On that basis, I would reverse the conviction.

## II. STATUTORY ERROR: ARTICLE 36.22

The Court also concludes today that the alternate juror's presence and participation during jury deliberations *did* violate Article 36.22 of the Code. Majority Opinion at 28−33. The Court reasons that, because the alternate juror was never made an actual member of the twelve-member jury, notwithstanding his participation in deliberations, he *did* constitute an outside "person" for purposes of Article 36.22—one who was unlawfully "permitted" both to "be with" the jury during its deliberations, and to "converse with a juror about the case on trial[,]" in violation of its provisions. *Id.* In my view, the alternate juror in this case was *both* an impermissible thirteenth juror *and* an outside "person" who was impermissibly permitted to "be with" and "converse" with the "regular" jurors.[5]

---

otherwise have occurred. An unauthorized thirteenth juror who was convinced of a defendant's guilt could put incremental pressure on a regular juror who is holding out for an acquittal to change his or her vote, and that incremental pressure could be the tipping point that makes all the difference to the outcome.

[5] Thus, in my view, the alternate juror's participation during deliberations in this case violated *both* the constitutional and statutory proscriptions against more than twelve jurors in a case, under Article 5, § 13 of the Texas Constitution and Article 33.01 of the Code, *and* the statutory prohibition against having an unauthorized "person" in the presence of and in conversation with the jurors during their deliberations, under Article 36.22 of the Code. The Court seems to view these two categories of violation as mutually exclusive, as if an impermissible thirteenth juror could not *also* constitute an unauthorized "person" who is impermissibly in the presence of, and conversing with, the "regular" jury during its deliberations for purposes of Article 36.22. If that is what the Court believes, I disagree.

The Court then remands the case for the court of appeals to reconsider whether this statutory violation is harmless under Rule 44.2(b). *Id.* at 56. Along the way, the Court rejects the presumption of harm that our cases have sometimes applied in the context of so-called "outside influence" scenarios. *Id.* at 42. But I do not believe it is appropriate for the Court to address the validity of the presumption of harm announced in the cases when that is an issue that was neither decided by the court of appeals on direct appeal, raised in the Appellant's petition for discretionary review, nor briefed to any extent by either of the parties.

Article 36.22 prohibits any "person" "to be with a jury while it is deliberating" or "to converse with a juror about the case on trial[.]" TEX. CODE CRIM. PROC. art. 36.22. The Court points to *Mauney v. State*, 85 Tex. Crim. 184, 210 S.W. 959 (1919), as the source of a presumption that any violation of at least the second part of this provision will be deemed injurious on appeal unless rebutted by the State. Majority Opinion at 34–35. The Court next points to a later case in which we observed that this presumption is rebuttable by evidence from the State to show that either 1) the case was not discussed (in which case there is no violation of the statute in the first place, so the question of harm is moot), or 2) "nothing prejudicial to the accused was said[.]" Majority Opinion at 35 (quoting *Williams v. State*, 463 S.W.2d 436, 440 (Tex. Crim. App. 1971)).

On discretionary review, Appellant complains that the court of appeals failed to honor this presumption in its analysis. In the course of these discretionary review proceedings, the State has consistently conceded that there is such an appellate presumption in the law. State's

Reply to Appellant's Petition for Discretionary Review at 8; State's Brief on the Merits at 16. Neither party has asked the Court to abandon the presumption today; nor have the parties briefed the question whether we should do so. The court of appeals did not weigh in on the propriety of the presumption. Neither should we—at least not in this case.

### III. CONCLUSION

For these reasons, I respectfully dissent.

**FILED:**                                February 7, 2024
**PUBLISH**