

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0427-24

### ANDREW STEELE, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

KELLER, P.J., delivered the opinion of the Court in which HERVEY, RICHARDSON, KEEL, SLAUGHTER and MCCLURE, JJ., joined. YEARY, J., filed a concurring opinion. NEWELL and WALKER, JJ., dissented.

### OPINION

This is a case about $100.

After a jury found Appellant guilty of driving while intoxicated, the trial court placed him on probation. As a condition of probation, the court ordered him to pay $100 to the Houston Area Women's Shelter. Appellant did not object. Holding that Appellant did not have to object and could raise the complaint for the first time on appeal, the court of appeals deleted the condition. We conclude that the court of appeals erred in holding that Appellant did not have to object. Because

paying $100 to a women's shelter is not a condition "that the criminal justice system simply finds intolerable," a failure to object waives any complaint about the imposition of that condition.

## I. BACKGROUND

### A. Trial

The entire punishment stage of Appellant's trial occurred as follows:

THE COURT: And what are we doing on punishment?

DEFENSE COUNSEL: We're going to you, Judge.

THE COURT: All right. You want me to just do my thing or you want to say stuff?

DEFENSE COUNSEL: Do you have anything you want to put on?

PROSECUTOR: No, Your Honor. I'm okay with you doing your thing.

THE COURT: Okay. Any objections from the Defense?

DEFENSE COUNSEL: None.

THE COURT: All right. We'll do one year probation. Condition of probation, the restitution, and then just the standard DWI probation terms and a hundred dollars to Houston Area Women's Shelter.

Appellant did not object.

### B. Appeal

The court of appeals held that Appellant was not required to object to the women's-shelter condition to complain about it for the first time on appeal.[1] The court relied on a statute that

---

[1] *Steele v. State*, No. 01-22-00311-CR, 2023 WL 5535788, *9 (Tex. App.—Houston [1st Dist.] August 29, 2023) (mem. op., not designated for publication).

prohibited the payment of money as a condition of probation except in certain circumstances.[2] The appellate court held that this statute created an absolute prohibition, permitting a complaint about its violation for the first time on appeal.[3] One of the exceptions to the statutory prohibition is "a payment ordered as a condition that relates personally to the rehabilitation of the defendant or that is otherwise expressly authorized by law."[4] But the court of appeals held that payment to a women's shelter did not qualify under the exception because it did not relate personally to the rehabilitation of a DWI defendant.[5] Consequently, the court of appeals ordered that the women's-shelter condition be deleted.[6]

## II. ANALYSIS

In *Speth v. State*, we held that a defendant affirmatively accepts and waives any complaint about a condition of probation if he fails to object at the time it is imposed.[7] We have later clarified that a waiver occurs only if the defendant was made aware of the condition in time to object at trial.[8] Here, Appellant was clearly made aware of the condition when the trial judge pronounced it orally. Appellant had an opportunity to object but failed to do so.

*Speth* addressed the exact issue Appellant raised on appeal. *Speth* complained for the first

---

[2] *Id.* at *8 (quoting TEX. CODE CRIM. PROC. art. 42A.651(a)).

[3] *Id.* at *9.

[4] *Id.* at *8 (quoting TEX. CODE CRIM. PROC. art. 42A.651(a)(3)).

[5] *Id.* at *9.

[6] *Id.* at *10.

[7] 6 S.W.3d 530, 533–34 (Tex. Crim. App. 1999).

[8] *Dansby v. State*, 448 S.W.3d 441, 447 (Tex. Crim. App. 2014).

time on appeal that some of his conditions of probation were illegal. We said,

> An award of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant. Therefore, conditions not objected to are affirmatively accepted as terms of the contract. Thus, by entering into the contractual relationship without objection, a defendant affirmatively waives any rights encroached upon by the terms of the contract. A defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable.[9]

In *Gutierrez v. State*, we recognized a narrow exception to the *Speth* waiver rule.[10] A waiver will not occur for a condition "that the criminal justice system simply finds intolerable" and "is therefore, by definition, not even an option available to the parties."[11] In *Gutierrez*, the condition of probation at issue was a requirement that Gutierrez either obtain legal status to remain in this country or leave the country and reside in a place where she could do so legally.[12] In analyzing the issue, we relied in part on *Hernandez v. State*,[13] an older case that addressed a condition of probation that deported or banished a defendant.[14] We found the condition in *Hernandez* to be "so antithetical to the aims of the justice system as a whole as to be intolerable, and therefore, not subject to agreement by the parties."[15] We pointed out that federal preemption precluded a Texas state court from ordering deportation and that banishment was precluded by an express provision of the Texas

---

[9] *Speth*, 6 S.W.3d at 534.

[10] 380 S.W.3d 167, 175–76 (Tex. Crim. App. 2012).

[11] *Id.* at 176.

[12] *Id*. at 169.

[13] 613 S.W.2d 287 (Tex. Crim. App. 1981) (op. on reh'g).

[14] *Gutierrez*, 380 S.W.3d at 173–74, 176–77.

[15] *Id.* at 176.

Constitution.[16] We concluded that "a condition of community supervision that effectively operates to deport a probationer violates an absolute prohibition and is therefore not subject to ordinary principles of waiver or procedural default."[17]

Relying on *Hernandez*, we held that Gutierrez could complain for the first time on appeal about the condition of probation that required her to either obtain legal status or leave the country. Along the way, though, we said,

> This is not to say that a defendant will not forfeit many, if not most, appellate complaints—even most constitutional complaints—about particular conditions of community supervision by failing to object at trial, or that he will not effectively waive any constitutional or statutory waiver-only right that might be violated by a condition of community supervision he has agreed to follow in his contractual relationship with the trial court.[18]

Later, in *Gutierrez-Rodriguez v. State*, we held that the imposition of restitution for items the defendant was not charged with stealing did not fall under the "intolerable" condition exception to the *Speth* waiver rule:

> Requiring restitution for stolen items that were not included in the charging instrument, but that belonged to the complaining witnesses and were stolen during the same transaction as the charged items, is not the sort of condition that the criminal justice system finds intolerable or unconscionable. This is true even if appellant's connection to the theft of these items was not specifically established, as long as she had the opportunity to object and challenge such a connection. A trial objection would have given the trial court the opportunity to reconsider the condition of probation or to reconsider the appropriateness of the probation contract without the objected-to condition.[19]

---

[16] *Id.* (citing TEX. CONST. art. I, § 20).

[17] *Id.* at 177.

[18] *Id*. at 175.

[19] 444 S.W.3d 21, 23–24 (Tex. Crim. App. 2014).

Appellant contends that the women's-shelter condition violated an absolute prohibition because it violated a statutory prohibition. He and the court of appeals both rely upon the following general statute that addresses payment as a condition of probation:

(a) A judge may not order a defendant to make a payment as a term or condition of community supervision, except for:

(1) the payment of fines, court costs, or restitution to the victim;

(2) reimbursement of a county as described by Article 42A.301(b)(11); or

(3) a payment ordered as a condition that relates personally to the rehabilitation of the defendant or that is otherwise expressly authorized by law.[20]

But we have held that mandatory statutory language does not automatically create an absolute prohibition or even a waivable-only right.[21] In *Trinidad v. State*, the statute at issue prohibited any person from being with the jury while the jury is deliberating.[22] In spite of the "shall" language in the statute, we held that Trinidad had procedurally defaulted his argument on appeal and that the court of appeals erred to address the merits of the claim.[23] We said,

Nothing else about Article 36.22 suggests that the Legislature regarded the requirement of a jury completely free of outside influence to be so indispensable to the fairness of trial that the system simply will not tolerate any conviction obtained under those circumstances, regardless of the will of the parties or how trivial the outside influence might be.[24]

---

[20] TEX. CODE CRIM. PROC. art. 42A.651(a).

[21] *Trinidad v. State*, 312 S.W.3d 23, 29 (Tex. Crim. App. 2010).

[22] *Id.* (quoting Tex. Code Crim. Proc. art. 36.22) ("No person shall be permitted to be with the jury while it is deliberating . . .").

[23] *Id.*

[24] *Id.*

Appellant is simply wrong to conclude that language of prohibition in a statute is itself sufficient to make something an "absolute prohibition" immune from waiver.

The court of appeals and the parties have focused on the third statutory exception in the payment-condition provision, involving a payment that relates to the rehabilitation of the defendant. By its nature, that provision would seem to involve a great deal of discretion, but we need not consider the breadth of the exception. Even if the trial court exceeded that discretion, the statutory provision does not have the blanket-prohibition appearance of an absolute prohibition. It is more like the restitution situation in *Gutierrez-Rodriguez*, where the defendant was required to raise a challenge at trial if he thought restitution for certain items was unauthorized. If a defendant believes that a trial court is wrong to impose a certain condition of probation, he should say so to the trial court "so that the error may be rectified or, barring that, so that the defendant can make a timely record for appeal."[25] And as we acknowledged in *Gutierrez-Rodriguez*, a trial objection would have given the trial court the opportunity not only to reconsider the specific condition of probation, but to reconsider whether probation was even appropriate without the condition.[26]

The State argues that the court of appeals created a new *Marin* category-one absolute prohibition[27] that is contrary to *Speth*. The State also argues that the particular condition here—making a relatively small payment to a women's shelter—is a condition that could validly be imposed in numerous cases. Therefore, the State claims, the condition is not the sort of intolerable, antithetical-to-justice condition that is immune from waiver. We agree. In responding to an estoppel

---

[25] *Id.*

[26] 444 S.W.3d at 23–24.

[27] *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993).

complaint by the State, *Gutierrez* said that estoppel did not apply because deportation and banishment conditions were the type that made a contract unenforceable on grounds of public policy.[28] And given the wording of the exception to the *Speth* waiver rule, we conclude that a condition of probation is subject to an absolute prohibition only when, like the banishment condition at issue in *Gutierrez*, it is "intolerable" and "antithetical to justice," i.e., it is the type of condition that no Texas state court could ever impose as a condition of probation.[29]

Payment to a women's shelter is neither intolerable nor antithetical to justice, regardless of whether it is warranted in a particular case. Appellant's implied acceptance of the condition (by failing to object) is valid. Consequently, he has waived his complaint.

We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Delivered: December 18, 2024
Publish

---

[28] 380 S.W.3d at 177-78.

[29] Another example of a condition that is banned in all cases in Texas is orchiectomy: "A judge may not require a defendant to undergo an orchiectomy as a condition of community supervision." TEX. CODE CRIM. PROC. art. 42A.307.