**Opinion filed October 4, 2018**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00307-CR

_____

## JUSTIN TODD CAMPBELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR46950**

## M E M O R A N D U M   O P I N I O N

The jury convicted Justin Todd Campbell of aggravated sexual assault of a child and assessed his punishment at confinement for a term of twenty-five years in the Institutional Division of the Texas Department of Criminal Justice. Appellant brings three issues on appeal. Appellant contends that the trial court (1) improperly excluded evidence of the victim's prior accusations of sexual abuse, (2) abused its discretion by ruling that the State's closing argument was proper, and (3) violated

Appellant's fundamental right to a fair trial by permitting the jury to decide when deliberations would begin. We affirm.

*Background Facts*

Appellant shared a three-bedroom house in Midland with C.B., C.B.'s mother, Lorenzo (the landlord), and C.B.'s brother. While C.B.'s mother was celebrating her birthday, she left her twelve-year-old daughter, C.B., at home with Appellant. C.B. went to sleep in her mother's room, and Appellant slept in the same room but in a different bed. C.B. testified that, while she was in bed, Appellant stuck his hands down her pants, touched her vagina, and put his fingers inside her. Appellant stopped, apologized, and instructed her not to tell anyone, but then he "did it again." Appellant testified that he mistook C.B. for her mother and made sexual advances toward her because he and C.B.'s mother had had prior sexual relations. When he realized it was C.B., he apologized and stated that he thought she was her mother.

*Analysis*

In his first issue, Appellant contends that the trial court abused its discretion by excluding C.B.'s testimony regarding prior accusations of sexual abuse that C.B. had made. The State contends that Appellant failed to preserve this issue for appellate review. We agree with the State's contention.

On cross-examination, Appellant's trial counsel asked C.B.: "[H]ave you ever made accusations before about any kind of abuse?" and "Has there ever been any previous abuse by someone else?" The prosecutor objected to this line of questioning on the basis that it was an impermissible inquiry into the victim's prior sexual history. The trial court sustained the objection after a bench conference.

There are some circumstances where evidence of prior accusations of sexual assault are admissible in "sexual assaultive cases." *Hammer v. State*, 296 S.W.3d 555, 564–66 (Tex. Crim. App. 2009). For example, evidence of prior false accusations may be admissible to show a witness's possible motives, bias, or

prejudice. *Id.* at 565–66. Appellant's trial counsel suggested to the trial court that C.B. "had made prior allegations before." However, Appellant did not make an offer of proof or a bill of exception regarding any details of C.B.'s prior accusation of abuse.

A party may complain on appeal about a ruling excluding evidence if the error "affects a substantial right of the party" and the party "informs the court of [the evidence's] substance by an offer of proof, unless the substance was apparent from the context." TEX. R. EVID. 103(a). An offer of proof may consist of a concise statement by counsel that includes a reasonably specific summary of the evidence and the relevance of the evidence, or the offer may be in question-and-answer form. *Mays v. State*, 285 S.W.3d 884, 889–90 (Tex. Crim. App. 2009). "The primary purpose of an offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful. A secondary purpose is to permit the trial judge to reconsider his ruling in light of the actual evidence." *Id.* at 890. Failure to make an offer of proof, where the record does not show what the excluded testimony would have been or shown, waives the complaint for appellate review. *Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999) (citing *Stewart v. State*, 686 S.W.2d 118 (Tex. Crim. App. 1984)); *see* TEX. R. APP. P. 33.1.

The record does not provide any details of prior accusations of abuse made by C.B. Because the record does not show the facts and circumstances of any alleged prior allegations, we cannot determine whether the testimony that Appellant sought to offer would have been admissible or relevant. Furthermore, we cannot assess the harm, if any, that resulted from the exclusion of the evidence. Thus, Appellant did not preserve this complaint for appellate review. We overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court abused its discretion by overruling his objection during the State's closing argument. Appellant asserted that the State improperly shifted the burden to him to produce evidence when the

prosecutor argued: "But you saw her here in court, and I promise you if she had ever told anybody that he didn't put his fingers inside of her, the Defense would have made sure you heard about that." We disagree.

We review a trial court's ruling on an objection to improper jury argument for an abuse of discretion. *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004). Permissible jury argument falls into one of four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008); *Cannady v. State*, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000). A remark that calls attention to the absence of evidence that only the defendant can supply requires reversal because it constitutes a comment on the defendant's failure to testify. *Patrick v. State*, 906 S.W.2d 481, 491 (Tex. Crim. App. 1995). However, if the language can reasonably be construed to refer to the defendant's failure to produce evidence other than his own testimony, the comment is not improper. *Id.* at 490–91. We "review the argument in the context of the entire argument and not in isolation." *Sennett v. State*, 406 S.W.3d 661, 670 (Tex. App.—Eastland 2013, no pet.).

The prosecutor made the challenged argument in response to the argument of defense counsel alleging inconsistencies in the various accounts given by C.B. about the incident. Accordingly, the prosecutor's argument fell into one of the four categories of permissible argument because it was in rebuttal to defense counsel. Furthermore, the prosecutor's argument was proper because it called attention to a lack of evidence that can reasonably be construed to refer to any witness's testimony, not just from Appellant. Accordingly, the trial court did not abuse its discretion by overruling Appellant's objection to the prosecutor's argument. We overrule Appellant's second issue.

In his third issue, Appellant contends that the trial court violated his fundamental right to a fair and impartial trial when the court permitted the jury to retire to the jury room in order to decide whether it wanted to begin deliberations that day or the next day. When both sides closed the presentation of evidence at 2:34 p.m., the trial court advised the jury that it would take approximately an hour for the trial court to prepare the charge and for closing arguments to be made. The trial court further advised the jury that it would not be permitted to separate after the charge was read to the jury if deliberations began that afternoon. Accordingly, the trial court directed the jurors to decide if they wanted to begin deliberations that afternoon or wait until the next morning.

The trial court instructed the jurors to go into the jury room to decide when they wanted to begin deliberations. As the jurors were about to leave the courtroom, one of them asked: "Hypothetically, if the verdict were guilty, do we also have to do the penalty phase at the same time before we are released?" The trial court responded by saying that the jury would be permitted to recess between the guilt/innocence phase and the punishment phase. After a sixteen-minute break, the jurors advised the trial court that they wanted to begin deliberating that afternoon. The jury began deliberating at 3:40 p.m. and returned a verdict of guilty at 5:43 p.m. The punishment phase began the next morning.

Appellant contends that the trial court's action permitted the jury to prematurely deliberate his guilt/innocence and that this action violated Appellant's fundamental right to a fair and impartial trial. In this regard, Appellant acknowledges that he did not object to the trial court's action at trial. Accordingly, Appellant asserts that the trial court's action constituted fundamental error. We disagree.

Most appellate complaints must be preserved by a timely request for relief at the trial court level. *See* TEX. R. APP. P. 33.1; *Unkart v. State*, 400 S.W.3d 94, 98

(Tex. Crim. App. 2013); *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). Even claims involving constitutional error, including claims that due process rights have been violated, may be waived by the failure to object. *See Hull v. State*, 67 S.W.3d 215, 218 (Tex. Crim. App. 2002); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). More specifically, where no objection is made, remarks and conduct of the trial court may not be subsequently challenged unless they rise to the level of fundamental error. *Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. [Panel Op.] 1978).

Appellant cites no direct authority for his proposition that the trial court's action constituted fundamental error. While Appellant cites *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000), the facts in that case are distinguishable. In *Blue*, the trial court made a statement to the jury that vitiated the presumption of innocence. 41 S.W.3d at 130. The Court of Criminal Appeals found that the trial court's comment constituted fundamental error. *Id.* at 131. *But see Unkart*, 400 S.W.3d at 99–101 (holding that *Blue* has no precedential value).

In *Trinidad v. State*, 312 S.W.3d 23, 29 (Tex. Crim. App. 2010), the Court of Criminal Appeals addressed a complaint concerning the manner in which jury deliberations occurred. The trial court in *Trinidad* permitted an alternate juror to be present during jury deliberations. The Court of Criminal Appeals determined that the complaint was not preserved for appellate review in the absence of a timely objection at trial. 312 S.W.3d at 29. In reaching this holding, the court cited *State v. Morales*, 253 S.W.3d 686, 697 & n.41 (Tex. Crim. App. 2008), for the proposition that the right to trial by an impartial jury is subject to forfeiture. *Trinidad*, 312 S.W.3d at 29 n.27. Under the analysis employed in *Trinidad* and *Morales*, we conclude that Appellant's complaint required a contemporaneous objection at trial. *See* TEX. R. APP. P. 33.1.

Moreover, we disagree with Appellant's contention that the trial court's instruction required the jurors to prematurely weigh their decision on guilt/innocence in order to determine how fast they would reach a verdict. The trial court did not instruct the jurors to determine how fast they could reach a verdict but simply asked them to decide when they wished to begin deliberations. There is no evidence or suggestion that the jurors deliberated guilt/innocence as opposed to discussing when they wanted to deliberate. We overrule Appellant's third issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

October 4, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[1];
and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.