**Affirmed and Majority and Concurring Opinions filed May 4, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00454-CR

---

### MARTIN CRUZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1544565**

---

### MAJORITY OPINION

A jury convicted appellant Martin Cruz of aggravated kidnapping in 2021, and the jury assessed punishment at 30-years imprisonment as well as a fine of $8,000. Tex. Penal Code Ann. §§ 20.04 (aggravated kidnapping); 12.32 (first-degree felony punishment). Appellant argues the trial court committed reversible error by (1) admitting evidence that a co-defendant, who was tried separately and did not testify at appellant's trial, fired a gun at the complainant on

the day after the alleged offense and (2) by not conducting an ability-to-pay-inquiry in violation of Code of Criminal Procedure article 42.15(a-1).

Appellant's second issue requires resolution of the following two questions (1) whether an ability-to-pay inquiry under Code of Criminal Procedure article 42.15(a-1) is subject to a *Marin* preservation analysis and (2) whether 42.15(a-1) applies retroactively. Tex. Code Crim. Proc. Ann. art. 42.15(a-1); *Marin v. State*, 851 S.W.2d 275, 278–80 (Tex. Crim. App. 1993). Although we conclude that appellant's right to an ability-to-pay inquiry is a category-two *Marin* right and that the current version of the statute should apply retroactively to appellant's trial, we are constrained by this court's prior precedent. With little analysis, this court recently held the 2021 amendments to article 42.15(a) do not retroactively apply to convictions before the effective date of the amendments. *See Hernandez-Faced v. State*, 661 S.W.3d 630, 638–39 (Tex. App.—Houston [14th Dist.] February 14, 2023, pet. filed). We therefore follow our precedent, although a thorough analysis of the "plain language" of the amendments to article 42.15(a) does not support the result reached in *Hernandez-Faced*.

Because appellant did not preserve a complaint for appellate review on his sole evidentiary issue and does not otherwise challenge the legal sufficiency of the evidence that supports the jury's verdict of guilty, we dispense with a summary of the facts and affirm the judgment of the trial court as challenged on appeal.[1]

---

[1] *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

2

# I.  ANALYSIS

## A.  Ability-to-pay inquiry

We begin with issue 2, in which appellant argues that the trial court erred by not conducting an ability-to-pay inquiry on the record and asks this court to remand the case to the trial court for an ability-to-pay inquiry on the $8,000 fine assessed by the jury. The record does not reflect that the trial court held an ability-to-pay inquiry on the record or that appellant lodged any objection to the lack of such an inquiry.

### 1.  Statutory changes

The Code of Criminal Procedure in effect at the time of trial provided that, after a trial court imposes a sentence:

> [A] court shall inquire whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be: (1) subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals; (2) discharged by performing community service . . . ; (3) waived in full or in part . . . ; or (4) satisfied through any combination of methods under Subdivisions (1)-(3).

Tex. Code Crim. Proc. Ann. art. 42.15(a-1).[2]

After appellant's trial concluded, the current version of the statute went into effect requiring that ability-to-pay inquiries be conducted *on the record*.[3] Act of

---

[2] Act of May 28, 2017, 85th Leg., R.S., ch. 1127, § 4, art. 42.15(a-1), 2017 Tex. Gen. Laws 4317, 4318 (codified as Tex. Code Crim. Proc. Ann. art. 42.15(a-1)).

[3] Bill analysis prepared by the Senate Research Center, citing the original author's statement of intent, explains the amendment is intended to close a loophole created by boilerplate language used in criminal judgments:

3

May 8, 2021, 87th Leg., R.S., ch. 106, § 1, art. 42.15(a-1) (Tex. Code Crim. Proc. Ann. art. 42.15(a-1)) (emphasis added). The act states that "changes in law made by this Act apply to a fine, fee, or cost imposed before, on, or after the effective date." *See* Act of May 8, 2021, 87th Leg., R.S., ch. 106, § 5. Although the effective date of the current version of the statute was September 1, 2021, which was several weeks after appellant's trial concluded, appellant argues that the plain language of the statute makes the current version of article 42.15 applicable to appellant's trial. *See* Act of May 8, 2021, 87th Leg., R.S., ch. 106, §§ 5, 6.

There are three threshold questions that must be answered to resolve issue 2: (1) does the presumption of regularity require appellant to identify evidence overcoming the presumption in favor of the boilerplate recitals in the judgment; (2) was appellant required to object to the lack of an ability-to-pay inquiry to preserve a complaint for appeal; and (3) does the current version of the statute apply retroactively to a trial conducted before the effective date of the statute?

## 2. Presumption of regularity is no longer applicable

Although there is no ability-to-pay inquiry on the record, the judgment recites that one was conducted: "After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fines, court costs, reimbursement fees, and restitution as indicated above and further detailed

Although court orders have boilerplate language stating that they conducted such an inquiry, some courts are not asking defendants about their inability to pay despite the law's requirements. When some public defenders have appealed the issue, courts of appeal [sic] have ruled that due to the boilerplate language, they will assume the inquiry happened, even when the inquiry is not in the record. Under this framework, unless the record proves that the inability to pay inquiry did not occur or an objection or statement that the inquiry has not been made, courts of appeal [sic] would assume the inquiry did occur. This interpretation of the law threatens to create a loophole defeating the legislative intent of S.B. 1913 [Act of May 28, 2017, supra note 2.].

*See* Senate Comm. on Crim. Justice, Bill Analysis, Tex. C.S.S.B. 1373, 87th Leg., R.S. (2021).

below." Relying on similar (if not identical) recitals in criminal judgments, this court and others have previously concluded that the burden was on appellant to overcome the presumption of regularity created by recitals in a judgment. *See Wiggins v. State*, 622 S.W.3d 556, 561 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd) (citing *Breazeale v. State* to apply presumption of regularity to recitals in judgment stating ability-to-pay-inquiry was held); *Authorlee v. State*, No. 14-20-00821-CR, 2022 WL 220267, at *4 (Tex. App.—Houston [14th Dist.] Jan. 25, 2022, pet. ref'd)[4] (mem. op., not designated for publication) (same); *Lazarine v. State*, No. 01-19-00982-CR, 2021 WL 5702182, at *12 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, pet. ref'd) (mem. op., not designated for publication) (same); *Weathersby v. State*, No. 14-19-00339-CR, 2021 WL 629895, at *5 (Tex. App.—Houston [14th Dist.] Feb. 18, 2021, pet. ref'd) (mem. op., not designated for publication) (same); *see generally Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (en banc). ("presumption of regularity created by recitals in the judgment can be overcome only when the record otherwise affirmatively reflects that error occurred").

Stated differently, to rebut the presumption of regularity, a defendant, before the 2021 amendments, had to affirmatively prove that the ability-to-pay inquiry was not held off the record. *See State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013) (written recitals "are binding in the absence of direct proof of their falsity"); *Breazeale*, 683 S.W.2d at 451. The opinions from this court and our sister courts applying the presumption of regularity of judgments to boilerplate recitals regarding ability-to-pay hearings were decided before the 2021

---

[4] In *Authorlee*, this court cited to the 2021 version of the statute. *Authorlee*, 2022 WL 220267, at *4. However, the opinion relied on cases that addressed the prior version of the statute without any discussion of the changes made to article 42.15(a-1) in 2021. *Id*. Therefore, we clarify that the analysis of article 42.15(a-1) in *Authorlee* is no longer accurate based on the current version of the statute.

amendments to article 42.15(a-1) were enacted and are no longer applicable. The statute now requires that an ability-to-pay inquiry be held on the record. Tex. Code Crim. Proc. Ann. art. 42.15(a-1). Therefore, if the record does not contain an ability-to-pay inquiry, a recital in the judgment is not sufficient to comply with the requirements of article 42.15(a-1).

### 3. Preservation requirement

In *Marin v. State*, the court of criminal appeals described three distinct error-preservation rules: those involving "(1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request. . . . since referred to . . . as category-one, -two, and -three *Marin* rights[.]" *Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017) (discussing *Marin*, 851 S.W.2d at 279). "[T]he loss of a claim or right for failure to insist upon it by objection" only applies to category-three rights, since these rights are typically considered to be "optional with the litigants." *Proenza*, 541 S.W.3d at 792 (quoting *Marin*, 851 S.W.2d at 279). Category-two rights, "because they are 'so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection,' are only abandoned on appeal when the record reflects that they have been "plainly, freely, and intelligently" waived at trial." *Id*. (quoting *Marin*, 851 S.W.2d at 279–80). And category-one rights, being "systemic" and therefore "essentially independent of the litigants' wishes" can neither be forfeited nor even validly waived by the parties for appellate-review purposes. *Id*. (quoting *Marin*, 851 S.W.2d at 279).

To determine the category of the right at issue*, Marin* and its progeny look to the various duties placed on trial courts and litigants by the rules and or statutes at issue. *See Proenza*, 541 S.W.3d at 797; *Marin*, 851 S.W.2d at 280. Therefore,

we consider whose responsibility it was to enforce the right. We also look to the language of the statute itself; although, language "couched in mandatory terms . . . does not necessarily mean that the statute identifies an absolute prohibition or a waiver-only right." *Trinidad v. State*, 312 S.W.3d 23, 29 (Tex. Crim. App. 2010); *see also Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (we "attempt to discern the fair, objective meaning of that text at the time of its enactment").

In *Proenza*, the court of criminal appeals concluded that Code of Criminal Procedure article 38.05, which prohibits the trial court from commenting on the weight of the evidence in criminal proceedings or otherwise divulging to the jury the court's opinion of the case, was "fundamental to the proper functioning of our adjudicatory system," such that it should "enjoy special protection" on par with other non-forfeitable rights. *Proenza*, 541 S.W.3d at 799. In reviewing article 38.05, the court concluded "by its very text creates 'a duty on the trial court to act sua sponte'—or rather, a duty to refrain sua sponte from a certain kind of action." *Id*. at 798 (quotation omitted). Therefore, the court of criminal appeals held that article 38.05 cannot be waived or forfeited by a party's inaction. *Id*. at 800–01.

Similarly, Code of Criminal Procedure article 42.15(a-1) creates a duty on the trial court to act sua sponte and hold an ability-to-pay inquiry when a fine or costs are imposed on a defendant in the judgment. Tex. Code Crim. Proc. Ann. art. 42.15(a-1) ("a court shall inquire on the record"). Subsection (a-1) was added to article 42.15 in 2017 to eliminate the assessment of fines and costs that a defendant lacked the financial means to pay. *See* Act of May 18, 2017, 85th Leg., R.S., ch. 1127, § 4, 2017 Tex. Gen. Laws 4317–18 (current Tex. Code Crim. Proc. Ann. art. 42.15(a-1)). The legislature intended to end the cycle of debt and potential for future incarceration for failure to pay fines and costs faced by low-income and

7

indigent defendants that they never had the ability to repay. The court of criminal appeals has also acknowledged the importance of ability-to-pay inquiries, in the context of probation, as a statutory recognition that "the criminal-justice system may not punish people for their poverty." *Mathis v. State*, 424 S.W.3d 89, 94 (Tex. Crim. App. 2014) (internal citations omitted).

Given these considerations, we conclude that a defendant's right to an ability-to-pay inquiry is "fundamental to the proper functioning of our adjudicatory system." *See Proenza*, 541 S.W.3d at 799. Having concluded appellant's right to an ability-to-pay inquiry is a category-two *Marin* right, we hold appellant was not required to preserve this complaint for appeal through objection.[5]

### 4. Retroactive application

Because the statute requiring the ability-to-pay inquiry to be conducted on the record went into effect after the date of appellant's trial, we consider next whether the statute was intended to apply retroactively.

The legislation amending article 42.15(a-1) clearly states that "changes in law made by this Act apply to a fine, fee, or cost imposed before, on, or after the effective Date." *See* Act of May 8, 2021, 87th Leg., R.S., ch. 106, § 5, 2021. The State argues that the retroactive wording does not apply to the "on the record" requirement but instead only applies to fines, fees, or costs. This argument is not supported by the legislation itself, which provides that "changes in law" — of which the "on the record" requirement was one — apply to fines and costs imposed before the effective date of the legislation. Given the legislature's frustration with the courts' disregard of the mandate to hold ability-to-pay

---

[5] The *Marin* analysis operates alongside Texas Rule of Appellate Procedure 33.1 (preservation of appellate complaints). In a perfect world, the appellate rules would incorporate the *Marin* analysis.

inquiries, the retroactive application of the 2021 amendments to article 42.15(a-1) is consistent with the Legislature's intent in passing the 2021 amendments. *See State v. Kahookele*, 640 S.W.3d 221, 225 (Tex. Crim. App. 2021) ("We assume that every word has been used for a purpose, and we give effect to each word, phrase, clause, and sentence if reasonably possible."); *Boykin*, 818 S.W.2d at 785 ("if the meaning of the statutory text, when read using the established canons of construction relating to such text, should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning").

We must next determine whether the retroactive application of article 42.15(a-1) is constitutionally prohibited. The Texas constitution prohibits any "retroactive law." Tex. Const. art. I § 16. "The retroactive laws provision of the Texas Constitution operates only to prohibit the application of statutes which disturb vested, substantive rights." *Ibarra v. State*, 11 S.W.3d 189, 192 (Tex. Crim. App. 1999); *see Grimes v. State*, 807 S.W.2d 582, 587 (Tex. Crim. App. 1991)[6] (article 44.29(b) did not violate prohibition against retroactive legislation); *see also Fowler v. State*, 991 S.W.2d 258, 261 (Tex. Crim. App. 1999) ("The procedural mechanisms for reviewing that conviction are not a vested and substantive right" therefore application of Rule 44.2 did not violate prohibition of retroactive laws); *Ex parte Davis*, 947 S.W.2d 216, 220 (Tex. Crim. App. 1996) (amendments to Article 11.071, limiting subsequent applications for writ of habeas corpus, were procedural and did not affect vested, substantive rights); *Robisheaux v. State*, 483 S.W.3d 205, 215 (Tex. App.—Austin 2016, pet. ref'd).[7] Laws altering procedure

---

[6] The court of criminal appeals assumed "without deciding that Article I, Section 16's proscription against retroactive legislation is applicable to criminal cases." *Grimes*, 807 S.W.2d at 587.

[7] In civil cases, the supreme court has held that "[m]ere retroactivity is not sufficient to invalidate a statute." *Texas Water Rights Comm'n v. Wright*, 464 S.W.2d 642, 648 (Tex. 1971). "Constitutional provisions limiting retroactive legislation must therefore be applied to achieve

do not generally fall within the prohibition. *Ibarra*, 11 S.W.3d at 192. "Procedure" refers to changes in the process by which a criminal case is adjudicated as opposed to changes in the substantive law of crimes. *See Ex parte Scales*, 853 S.W.2d 586, 588 (Tex. Crim. App. 1993). Because article 42.15(a-1) does not disturb any vested, substantive rights, it does not violate the constitutional prohibition.

### 5.    This court's precedent

Despite the foregoing conclusions, a panel of this court has recently addressed this issue. In *Hernandez-Faced v. State*, this court held that "[based] on the plain language of the amendment, the changes to article 42.15(a-1) retroactively applied only to fines, fees, and costs, not the hearing requirement." *Hernandez-Faced*, 661 S.W.3d at 638. This court further concluded that a retroactive application of article 42.15(a-1) would lead "to the absurd result that all prior judgments of conviction imposing fines, costs, or fees on a defendant without a hearing on the record would be subject to being declared invalid." *Id*. at 638–39. This conclusion ignores the plain language of the statute as discussed above. The analysis by the court in *Hernandez-Faced* was cursory and did not consider the intent of the legislature—to end current system's cycle of debt, license suspensions, arrest warrants, and jail time when defendants cannot pay the fines and fees assessed.[8] The legislature was also concerned with the administrative

---

their intended objectives—protecting settled expectations and preventing abuse of legislative power." *Robinson v. Crown Cork & Seal Co., Inc*., 335 S.W.3d 126, 139 (Tex. 2010). In *Robinson*, the court established a three-part test for examining whether retroactive laws are constitutional: "the nature and strength of the public interest served by the statute as evidenced by the Legislature's factual findings; the nature of the prior right impaired by the statute; and the extent of the impairment." *Id*. at 145. In *Reynolds v. State,* 423 S.W.3d 377, 380, 383 (Tex. Crim. App. 2014), appellant argued the court of criminal appeals should adopt the *Robinson* test to determine whether a statute is unconstitutionally retroactive, but the court did not reach the issue because the retroactivity challenge was not preserved.

[8] *See* Senate Comm. on Crim. Justice, Bill Analysis, Tex. C.S.S.B. 1913, 85th Leg., R.S. (2017).

burden and cost to courts and county staff for the work of attempting to collect uncollectible fees and costs.[9]

Although the analysis by the court in *Hernandez-Faced* of the "plain language" of the 2021 amendments is erroneous, we are bound by this precedent.[10] *See Quick v. State*, 557 S.W.3d 775, 792 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). The court of criminal appeals can and should resolve this issue. However, because appellant was convicted and sentenced before the effective date of the 2021 amendments, we conclude the 2021 amendments do not control the outcome of this case.

We overrule issue 2.

## B.    Admission of evidence

In his other issue, appellant contends the trial court abused its discretion by admitting testimony over appellant's Rule 402, 403, and 404 objections and seeks reversal as to guilt and remand for a new trial.[11] *See* Tex. R. Evid. 402, 403, 404. However, after the State raised in its response that this issue was not preserved for

---

[9] *See* Senate Comm. on Crim. Justice, Bill Analysis, Tex. C.S.S.B. 1373, 87th Leg., R.S. (2021).

[10] This case raises the issue of horizontal stare decisis. *See* Andrew T. Solomon, *A Simple Prescription for Texas's Ailing Court System: Stronger Stare Decisis*, 37 St. Mary's L.J. 417, 429–30 (2006) (in hybrid horizontal stare decisis model, "a court can overrule its own prior decisions, but only when compelling circumstances justify a change in the law"). The court of criminal appeals has recently explained that "there is a strong presumption in favor of established law." *Ex parte Thomas*, 623 S.W.3d 370, 381 (Tex. Crim. App. 2021); *see also Phelps v. State*, 532 S.W.3d 437, 443 n.6 (Tex. App.—Texarkana 2017, pet. ref'd) ("under horizontal stare decisis courts have less discretion to revisit their own cases or cases issued by courts of equal jurisdiction which involve statutory interpretations").

[11] Even if appellant's objections were preserved, appellant would have to show harm. *See* Tex. R. App. P. 44.2(b); *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). Appellant's brief offers no meaningful harm analysis or addresses why the remaining evidence was insufficient to support the conviction. *See Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008) ("We have construed this to mean that an error is reversible only when it has a substantial and injurious effect or influence in determining the jury's verdict.").

appellate review, appellant conceded, in his reply brief, that he did not timely object to the admission of the testimony. Therefore, issue 1 was not preserved for review. *See* Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1.

We overrule issue 1.

## II.     CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.

/s/     Charles A. Spain
Justice

Panel consists of Justices Spain, Poissant, and Wilson (Wilson, J., concurring).

Publish—Tex. R. App. P. 47.2(b).